# EXHIBIT B

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

----------------------------------------------------------------------X

FLOYD MAYWEATHER, JR., individually and on behalf of MAYWEATHER PROMOTIONS, LLC, TBE AVIATION, LLC, FOJOSO, LLC, 9504 KINGS GATE CT. LLC, VADA PROPERTIES I NYC, LLC, VADA PROPERTIES II NYC, LLC, and VADA PROPERTIES III NYC, LLC,

      Plaintiffs,

     -against-

JONA RECHNITZ; AYAL FRIST a/k/a AYEL FRIST; FRIST APEX VENTURES, LLC; ALEXANDER SELIGSON; and JOHN DOES 1–10,

      Defendants.

----------------------------------------------------------------------X

| |
|---|
| Index No. _____ |
| **VERIFIED COMPLAINT** |
| Plaintiffs designate New York County as the place of trial. |
| The basis of venue is CPLR § 503(a) and the situs of the principal transactions giving rise to the claims. |

Plaintiffs Floyd Mayweather, Jr. ("Mr. Mayweather"), individually and on behalf of Mayweather Promotions, LLC, TBE Aviation, LLC, Fojoso, LLC, 9504 Kings Gate Ct. LLC, Vada Properties I NYC, LLC, Vada Properties II NYC, LLC, and Vada Properties III NYC, LLC (collectively, "Plaintiffs"), by their undersigned attorneys, Jacobs P.C., for their Verified Complaint against Defendants Jona Rechnitz ("Rechnitz"), Ayal Frist a/k/a Ayel Frist ("Frist"), Frist Apex Ventures, LLC ("Frist Apex"), and Alexander Seligson ("Seligson," and together with Rechnitz, Frist, and Frist Apex, the "Defendants"), allege as follows:

## NATURE OF THE ACTION

1.     This action arises from a multi-year fraudulent scheme orchestrated by Defendant Jona Rechnitz — with the assistance and participation of Defendants Ayal Frist, Frist Apex Ventures, LLC, and Alexander Seligson — to misappropriate and divert not less than $175,000,000 of Plaintiffs' cash, real estate equity, aircraft, jewelry, and contractual income streams.

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)

NYSCEF DOC. NO. 2

INDEX NO. UNASSIGNED

RECEIVED NYSCEF: 05/21/2026

Case 1:26-cv-05150-VSB    Document 16-5    Filed 06/24/26    Page 3 of 26

2.      Beginning in or about 2017, Rechnitz cultivated Mr. Mayweather's confidence. By 2024, Rechnitz had assumed the de facto role of Mr. Mayweather's investment manager, real estate advisor, and banking liaison. Rechnitz used that position of trust to redirect Mr. Mayweather's funds into accounts and entities he and his confederates controlled. Mr. Mayweather did not know, at the time he first reposed trust in Rechnitz, that in 2016 Rechnitz had pleaded guilty in the United States District Court for the Southern District of New York to honest-services wire-fraud conspiracy in violation of 18 U.S.C. § 1349 (*United States v. Rechnitz*, 16-cr-389 (S.D.N.Y.)), that Rechnitz had cooperated with the United States Attorney, or that Rechnitz had been the subject of significant civil litigation.

3.      Separate and apart from his federal felony conviction, a civil judgment in excess of $17,700,000 was entered against Rechnitz in *Noval v. Rechnitz*, Los Angeles Superior Court Case No. 20SMCV00216, and is currently being enforced against him by way of charging orders. Although Rechnitz is the subject of a $17 million judgment, he is actively conducting business through other individuals and entities — including Defendants Frist and Frist Apex Ventures, LLC.

4.      The principal recipient of the diverted funds is Defendant Frist Apex Ventures, LLC, a Florida limited liability company managed by Defendant Frist and operated under Rechnitz's direction. In a January 1, 2026 email to representatives of Black Spruce Management LLC, Rechnitz admitted in writing that the Frist Apex Chase account is "the usual account at Chase you've been sending all distribution to per my direction." That same email confirms that 20% of every distribution from a multi-property Manhattan portfolio in which Mr. Mayweather holds beneficial interests has been routed to that account on a continuous basis, in direct breach

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

of an express no-assignment provision in the November 12, 2024 Membership Interests Contract of Purchase and Sale to which Plaintiff Vada Properties I NYC, LLC is a party.

5.      Among the most significant of the diverted funds is approximately $15,000,000 in settlement proceeds attributable to claims involving SL Green Realty Corp., proceeds that, by their nature and source, belonged to Mr. Mayweather. Those proceeds were caused to be transferred to Frist Apex at Rechnitz's direction, without Mr. Mayweather's authorization. Defendant Seligson, a New York attorney who held managing authority over the relevant disbursement account, has verbally admitted to Mr. Mayweather that he caused the transfer at Rechnitz's direction.

6.      In or about November 2025, Rechnitz caused Mr. Mayweather to execute a Federal Aviation Administration Bill of Sale for a 1996 Gulfstream G-IV (FAA registration N305DG) with the block for the purchaser left blank. Separately, in or about August 2025, jewelry of Mr. Mayweather's with an asserted value of approximately $100,000,000 was placed with two Miami dealers in exchange for approximately $13,000,000 in payments, a fraction of the asserted value, with a substantial portion of the jewelry remaining in those dealers' possession to date. *See* **Exhibit A**.

7.      Plaintiffs assert claims for (i) fraud against Rechnitz and Frist; (ii) breach of fiduciary duty against Rechnitz; (iii) aiding and abetting breach of fiduciary duty against Frist, Frist Apex, and Seligson; (iv) conversion against Rechnitz, Frist, and Frist Apex; (v) accounting against all Defendants; (vi) unjust enrichment and money had and received, in the alternative, against Rechnitz, Frist, and Frist Apex; and (vii) the imposition of a constructive trust on the assets of Frist Apex Ventures, LLC. Plaintiffs seek compensatory damages of not less than

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)

NYSCEF DOC. NO. 2

INDEX NO. UNASSIGNED

RECEIVED NYSCEF: 05/21/2026

$175,000,000, punitive damages, pre- and post-judgment interest, a full accounting, the imposition of a constructive trust, costs and reasonable attorneys' fees, and such other and further relief as this Court deems just and proper.

## THE PARTIES

*Plaintiffs*

8.     Plaintiff Floyd Mayweather, Jr. is a resident of Las Vegas, Nevada, with a principal business address at 3753 Howard Hughes Parkway, Las Vegas, Nevada 89169.

9.     Plaintiff Mayweather Promotions, LLC is a Nevada limited liability company of which Mr. Mayweather is the sole or controlling member.

10.     Plaintiff TBE Aviation, LLC is a limited liability company owned and controlled by Mr. Mayweather. TBE Aviation, LLC held title, prior to its November 2025 disposition, to a 1996 Gulfstream IV aircraft bearing FAA registration N305DG.

11.     Plaintiff Fojoso, LLC is a Nevada limited liability company that, at all relevant times, held title to Mr. Mayweather's real property at 288 South Coconut Lane, Miami Beach, Florida.

12.     Plaintiff 9504 Kings Gate Ct. LLC is a Nevada limited liability company of which Mr. Mayweather is the sole Member.

13.     Plaintiffs Vada Properties I NYC, LLC, Vada Properties II NYC, LLC, and Vada Properties III NYC, LLC (collectively, the "Vada Properties") are New York limited liability companies. Mr. Mayweather is the controlling member of each.

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)

NYSCEF DOC. NO. 2    Case 1:26-cv-05150-VSB    Document 16-5    Filed 06/24/26    Page 6 of 26

INDEX NO. UNASSIGNED

RECEIVED NYSCEF: 05/21/2026

*Defendants*

14.    Defendant Jona Rechnitz is, on information and belief, a resident of Beverly Hills, California. In 2016, Rechnitz pleaded guilty in *United States v. Rechnitz*, 16-cr-389 (S.D.N.Y.), to honest-services wire-fraud conspiracy in violation of 18 U.S.C. § 1349. A civil judgment in excess of $17,700,000 has been entered against him in *Noval v. Rechnitz*, Los Angeles Superior Court Case No. 20SMCV00216, and is being enforced via charging orders.

15.    Defendant Ayal Frist (also known as Ayel Frist) is, on information and belief, a resident of Florida and the managing member of Defendant Frist Apex Ventures, LLC.

16.    Defendant Frist Apex Ventures, LLC is a Florida limited liability company with a principal place of business at 7300 W. Camino Real, Suite 201, Boca Raton, Florida 33433.

17.    Defendant Alexander Seligson is, on information and belief, a New York attorney with a principal place of business at 29 W. 30th Street, New York, New York 10001 who, at Rechnitz's direction, was installed as managing agent over certain of Mr. Mayweather's business dealings, with sole authority to direct disbursements from single-purpose Nevada limited liability companies (including Plaintiff 9504 Kings Gate Ct. LLC) and from accounts holding settlement proceeds attributable to Mr. Mayweather. Seligson has admitted to Mr. Mayweather that he disbursed approximately $2,127,826 in refinance proceeds and approximately $15,000,000 in SL Green-related settlement proceeds to Frist Apex Ventures, LLC at Rechnitz's direction and without Mr. Mayweather's authorization.

18.    Defendants John Does 1–10 are presently unknown individuals or entities who acted in concert with the named Defendants. Plaintiffs reserve the right to amend this Complaint to identify such parties.

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

## JURISDICTION AND VENUE

19.     This Court has subject-matter jurisdiction under N.Y. Const. art. VI, § 7(a) and CPLR 301. The amount in controversy materially exceeds the monetary thresholds of any court of limited jurisdiction.

20.     This Court has personal jurisdiction over each Defendant under CPLR 302(a)(1), (2), and (3). Defendants transacted business in this State, including by negotiating and performing in this County the November 12, 2024 Black Spruce Membership Interests Contract of Purchase and Sale; by participating in the proposed acquisitions of 1196 Sixth Avenue and 20 West 53rd Street, New York, New York; and by directing the receipt and routing through this State of distributions from a Manhattan residential portfolio and of settlement proceeds attributable to SL Green Realty Corp. Defendants further committed tortious acts within this State, including the holding-out of Defendant Frist as "CEO Vada Properties" in a December 26, 2024 letter directed to tenants of property located in this County.

21.     Venue is properly laid in this County under CPLR 503 and 509. None of the Defendants is a resident of the State of New York, and Plaintiffs accordingly designate New York County as the place of trial. New York County is, in addition, the situs of the principal transactions giving rise to the claims.

## FACTUAL ALLEGATIONS

*A. The Cultivation of Mr. Mayweather's Trust*

22.     Mr. Mayweather is a five-division professional boxing champion with no formal post-secondary education and no formal training in finance, accounting, real estate, or

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

commercial law. Mr. Mayweather has, at all relevant times, relied on advisors, attorneys, accountants, and managers to handle his financial and transactional affairs.

23. In or about 2017, Rechnitz was introduced to Mr. Mayweather. Over the following years, Rechnitz represented himself to Mr. Mayweather as a sophisticated real estate investor and cultivated a personal and business relationship with Mr. Mayweather.

24. At the time Mr. Mayweather first reposed trust in Rechnitz, he was not informed by Rechnitz or others of (a) Rechnitz's 2016 guilty plea in *United States v. Rechnitz*, 16-cr-389 (S.D.N.Y.); (b) Rechnitz's cooperation with the United States Attorney; or (c) the civil fraud judgment entered against Rechnitz in *Noval v. Rechnitz*, Los Angeles Superior Court Case No. 20SMCV00216.

25. By 2023, and increasingly through 2024, Rechnitz had assumed the de facto role of Mr. Mayweather's investment manager, real estate advisor, and banking liaison. Among other things, Rechnitz (a) directed which counterparties Mr. Mayweather's entities were to pay and when; (b) inserted himself into Mr. Mayweather's personal staffing, banking, and jet operations; (c) circulated draft press releases for Mr. Mayweather's approval announcing a purported $402,000,000 acquisition of a 62-building, 1,000-apartment Manhattan portfolio; and (d) caused the formation of single-purpose Nevada limited liability companies in respect of Mr. Mayweather's residences, with Defendant Seligson installed as managing agent.

26. Mr. Mayweather reposed his confidence in Rechnitz, and Rechnitz accepted that trust. A constructive fiduciary relationship arose between them, imposing on Rechnitz duties of loyalty, candor, care, and good faith owed to Mr. Mayweather and to the Plaintiff entities controlled by Mr. Mayweather.

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i))
which, at the time of its printout from the court system's electronic website, had not yet been reviewed and
approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject
filings for various reasons, readers should be aware that documents bearing this legend may not have been
accepted for filing by the County Clerk.

### B. The July 1, 2024 "12 MONTH INVESTMENT" Wire of $7,500,000 to Frist Apex

27.    On or about July 1, 2024, at Rechnitz's direction, Mayweather Promotions wired $7,500,000 from its Wells Fargo account to Frist Apex at JPMorgan Chase Bank. Rechnitz represented to Mr. Mayweather that the funds would be deployed in a twelve-month investment vehicle generating a return for Mr. Mayweather's benefit. The wire instruction — a true and correct copy of which is annexed hereto as **Exhibit B** — bore the notation "12 MONTH INVESTMENT." No investment was made. No return was paid. No documentation of any underlying investment has been provided to Plaintiffs. The principal has not been returned.

### C. The July 2024 Coconut Property Loan and the Gulfstream G-IV Aircraft

28.    In July 2024, Rechnitz orchestrated a $13,000,000 financing from Hankey Capital, LLC secured by Mr. Mayweather's real property at 288 South Coconut Lane, Miami Beach, Florida (the "Coconut Property"), then owned by Plaintiff Fojoso, LLC. Of those loan proceeds, $6,500,000 was disbursed to N305DG LLC for the purchase of a 1996 Gulfstream G-IV aircraft; only approximately $4,000,000 — less than one-third of the loan proceeds — was made available to Mayweather Promotions.

### D. The October 10, 2024 Hankey Cross-Collateralized Loan and the Unauthorized Diversion of $8,811,463.77 to Frist Apex

29.    On October 10, 2024, Hankey Capital, LLC funded a $16,400,000 cross-collateralized loan secured by first liens on four of Mr. Mayweather's real properties. As reflected in the closing summary of wire transfers annexed hereto as **Exhibit C**, on the same day, $8,811,463.77 of the loan proceeds was wired directly to Frist Apex Ventures, LLC, while only $2,500,000 was wired to Mayweather Promotions. Mr. Mayweather did not authorize that allocation. Plaintiffs have never received an adequate explanation for the diversion of

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

approximately $8,800,000 of loan proceeds to Frist Apex, and have never received any return, benefit, or accounting in respect of Frist Apex's receipt of those funds.

### E. The November 12, 2024 Black Spruce Membership Agreement and Its Express No-Assignment Provision

30.    On November 12, 2024, Plaintiff Vada Properties I NYC, LLC, as Purchaser, and Black Spruce Development LLC, as Seller, executed a Membership Interests Contract of Purchase and Sale (the "Black Spruce Agreement"). Under the Black Spruce Agreement, Vada Properties I NYC, LLC acquired 5% of the Class "A" membership interest in Morningside Affordable Housing Group LLC.

31.    Section 12.8 of the Black Spruce Agreement provides expressly that "[n]either the Parties nor any other signatories hereto (including, without limitation, Josh Gotlib and Floyd Mayweather) may assign or transfer their respective rights or obligations under this Agreement without the prior written consent of all of the other Parties." The Section 12.8 consent provision requires the prior written consent of *all* Parties to the Black Spruce Agreement — not Mr. Mayweather alone. Plaintiffs are informed and believe, and on that basis allege, that Black Spruce Development LLC and the other Seller-side Parties never gave the prior written consent required by Section 12.8 to any assignment of distribution rights from any Vada Properties entity to Frist Apex Ventures, LLC. To the extent Mr. Mayweather may have signed any document directing distributions to Frist Apex, he did so at the direction of Rechnitz, without informed consent, and in reliance on Rechnitz's position of trust.

### F. The November 6, 2024 Distribution Letter and Frist's False Holding-Out as "Manager"

32.    On November 6, 2024, at Rechnitz's direction, Mr. Mayweather executed by DocuSign a "Distribution Proceeds Letter Corrected" addressed to Nieuw Amsterdam

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

concerning the three Vada Properties entities, a true and correct copy of which is annexed hereto as **Exhibit D**. The letter directed that 80% of distributions be paid to Mayweather Promotions, LLC and that 20% be paid to Frist Apex Ventures, LLC. Defendant Frist signed the letter as "Manager."

33.     Frist had not been appointed, by any corporate act of any Vada Properties entity, as a manager, officer, member, employee, agent, or signatory of any Vada Properties entity, and Frist held no such office in fact. Frist's signature as "Manager" was a misrepresentation of office, made to induce Mr. Mayweather and counterparties to treat Frist as authorized when he was not.

*G.  The December 23, 2024 1196 Sixth Avenue Letters of Intent and the Diversion of the $1,000,000 Deposit to Pristine Jewelers*

34.     On December 23, 2024, five executed counterparts of a "Binding Purchase Letter of Intent" with respect to 1196 Sixth Avenue, New York, New York, were circulated and signed by DocuSign, each bearing Mr. Mayweather's signature as Purchaser on behalf of Vada Properties. True and correct copies of the five counterparts are annexed hereto collectively as **Exhibit E**. Each counterpart reflected a Purchase Price of $27,000,000, a $50,000 wire upon signing of the Letter of Intent, and a $1,000,000 nonrefundable deposit upon signing of the sales contract. The five counterparts bear five different Seller-side signatories: Jo Gelbard; Meg Kaplan; Ronald Kaplan; Lisa Kaplan Gordon; and Beth Bongar. No part of the contemplated transaction was completed for Mr. Mayweather's benefit.

35.     On or about January 10, 2025, a $1,000,000 deposit paid by or on behalf of Mr. Mayweather in connection with the proposed acquisition of 1196 Sixth Avenue was diverted at

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

Case 1:26-cv-05150-VSB   Document 16-5   Filed 06/24/26   Page 12 of 26

Rechnitz's direction and caused to be paid to Pristine Jewelers NY Inc. The proposed acquisition of 1196 Sixth Avenue did not close. No funds were returned.

### H. The December 26, 2024 Tenant Letter Co-Signed by Frist as "CEO Vada Properties"

36. On December 26, 2024, a letter was issued on the letterhead of Nalpak 1196 Company LLC, addressed to the tenants of 1196 Sixth Avenue, announcing that the property would be sold to "an entity controlled by Floyd Mayweather." A true and correct copy of the letter is annexed hereto as **Exhibit F**. The letter was signed by Jo Gelbard as Managing Member of Nalpak 1196 Company LLC and countersigned by "Ayal Frist, CEO Vada Properties."

37. Frist has never been appointed as Chief Executive Officer of any Vada Properties entity by Mr. Mayweather or by any corporate act of any Vada Properties entity. The representation of such office on the December 26, 2024 letter was, accordingly, false and made for the purpose of inducing reliance by tenants and counterparties on Frist's apparent authority — authority that did not exist. The false holding-out was undertaken in furtherance of Rechnitz's scheme and to the detriment of Mr. Mayweather and the Vada Properties entities.

### I. The February 6, 2025 Black Spruce Confirmation Letter

38. On February 6, 2025, Black Spruce Development LLC and its co-issuers transmitted to "Ayal Frist, Vada Properties" a letter confirming that Vada Properties I NYC, LLC had acquired interests in three portfolios for aggregate documented acquisition consideration of $31,500,000, of which only a nominal amount has been received by Mr. Mayweather as a return on his investment. A true and correct copy of the February 6, 2025 letter is annexed hereto as **Exhibit G**.

### J. The March–April 2025 Restructuring of 9504 Kings Gate Court and the Diversion of $2,127,826 in Refinance Proceeds

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)

INDEX NO. UNASSIGNED

NYSCEF DOC. NO. 2

RECEIVED NYSCEF: 05/21/2026

Case 1:26-cv-05150-VSB    Document 16-5    Filed 06/24/26    Page 13 of 26

39.     On March 31, 2025, Articles of Organization were filed with the Office of the Secretary of State of Nevada in respect of "9504 Kings Gate Ct. LLC." The articles were signed and filed by Defendant Seligson as Organizer; the named Manager was Seligson; and the registered agent address was the very property that the LLC would, sixteen days later, take title to and refinance.

40.     On April 2, 2025, an Operating Agreement of 9504 Kings Gate Ct. LLC was executed by DocuSign, naming Mr. Mayweather as the sole Member and installing Seligson as "Initial Manager," a true and correct copy of which is annexed hereto as **Exhibit H**. Mr. Mayweather executed the Operating Agreement at Rechnitz's direction. Mr. Mayweather had never met Seligson, never interviewed him, and never agreed any compensation arrangement with him.

41.     On April 16, 2025, fifteen days after the LLC's formation, the 9504 Kings Gate Court property was refinanced with U.S. Bank for $8,200,000. As reflected in the closing documents annexed hereto as **Exhibit I**, of the refinance proceeds, $6,057,280 was applied to pay off the existing Hankey Capital loan, and $2,127,826 was disbursed as "Balance Due to Buyer" — that is, to the Seligson-managed Plaintiff 9504 Kings Gate Ct. LLC, of which Mr. Mayweather is the sole Member.

42.     Seligson has admitted to Mr. Mayweather, in a telephone call subsequent to the closing, that he caused the $2,127,826 in net refinance proceeds to be transferred to Frist Apex Ventures, LLC at Rechnitz's direction, and without Mr. Mayweather's authorization.

K.  *The Diversion of $15,000,000 in SL Green-Related Settlement Proceeds*

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)

NYSCEF DOC. NO. 2    Case 1:26-cv-05150-VSB    Document 16-5    Filed 06/24/26    Page 14 of 26

INDEX NO. UNASSIGNED

RECEIVED NYSCEF: 05/21/2026

43.     Seligson has further admitted to Mr. Mayweather that he caused approximately $15,000,000 in settlement proceeds attributable to claims involving SL Green Realty Corp. — proceeds that, by their nature and source, belonged to Mr. Mayweather — to be transferred to Frist Apex Ventures, LLC at Rechnitz's direction, and without Mr. Mayweather's authorization. Frist Apex Ventures, LLC has never had any contractual or other entitlement to receive any portion of those proceeds.

*L.  The August 2025 Pledge of Mr. Mayweather's Jewelry to Two Miami Dealers*

44.     In or about August 2025, jewelry of Mr. Mayweather with an asserted value of approximately $100,000,000 was caused by Rechnitz to be pledged to or placed in the possession of Joel Vigo Morito, a Miami jewelry dealer ("Joel"), and "Moti," a separate Miami dealer. The aggregate consideration received in connection with those pledges was approximately $13,000,000 — less than fourteen percent (14%) of the asserted value of the jewelry. A substantial portion of the pledged jewelry remains in the possession of Joel and Moti, and no accounting has been provided to Mr. Mayweather. On information and belief, the consideration received was diverted by Rechnitz and not paid to Mr. Mayweather.

45.     On a four-person iMessage thread that included Mr. Mayweather, Joel, Moti, and Rechnitz, a true and correct copy of which is annexed hereto as **Exhibit J**, Joel issued a written demand stating that "if I do not receive a large payment on monies due I will start to liquidate the merchandise." Rechnitz responded: "Agreed thx." Rechnitz had no authority from Mr. Mayweather to authorize any such liquidation.

*M.  The November 2025 FAA Bill of Sale for Aircraft N305DG with the Purchaser Block Left Blank*

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)
NYSCEF DOC. NO. 2

INDEX NO. UNASSIGNED
RECEIVED NYSCEF: 05/21/2026

46.     In or about November 2025, at Rechnitz's direction, Mr. Mayweather executed an FAA Aircraft Bill of Sale on AC Form 8050-2 for aircraft N305DG (Gulfstream G-IV, manufacturer's serial number 1139), as Manager of TBE Aviation, LLC, the named seller. The block for the purchaser was left blank. The stated consideration was "$1.00 & OVC." Mr. Mayweather does not know who acquired the aircraft. Mr. Mayweather has received no accounting of the proceeds. On information and belief, the proceeds were applied to a Bugatti-related obligation and otherwise diverted to Frist Apex, with no portion paid to Mr. Mayweather or TBE Aviation, LLC.

### N. The January 1, 2026 Email and the Continuing 20% Diversion

47.     On January 1, 2026, Rechnitz transmitted an email captioned "Distribution for upper Manhattan portfolio" to recipients identified as "Harrison/Joshua," a true and correct copy of which is annexed hereto as **Exhibit K**, directing that 80% of distributions be paid to Mayweather Promotions, LLC and that 20% be paid to "Frist Apex Ventures — the usual account at Chase you've been sending all distribution to per my direction." That email confirms that the 20% diversion to Frist Apex has continued on a recurring basis.

### O. Frist Apex Ventures, LLC as Rechnitz's De Facto Depository

48.     Upon information and belief, Frist Apex Ventures, LLC has functioned as the de facto depository for funds belonging to Plaintiffs that Rechnitz has caused to be diverted. Frist controls Frist Apex as its managing member. Rechnitz controls the application of funds in Frist Apex's Chase account, as Rechnitz himself acknowledged in writing in the January 1, 2026 email referenced above. Seligson's admissions that he disbursed approximately $17,127,826 in identifiable funds to Frist Apex "at Rechnitz's direction" further corroborate Rechnitz's control.

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)

NYSCEF DOC. NO. 2

INDEX NO. UNASSIGNED

RECEIVED NYSCEF: 05/21/2026

Case 1:26-cv-05150-VSB    Document 16-5    Filed 06/24/26    Page 16 of 26

Each deposit into Frist Apex of funds belonging to Plaintiffs accordingly accrued to the benefit of Defendants Rechnitz, Frist, and Frist Apex.

## AS AND FOR A FIRST CAUSE OF ACTION
(Fraud — Against Defendants Rechnitz and Frist)

49.    Plaintiffs repeat and reallege each of the foregoing paragraphs as if fully set forth herein.

50.    Defendant Rechnitz made the following material misrepresentations of fact to Mr. Mayweather, each of which Rechnitz knew was false when made, and each of which Rechnitz made with the intent of inducing Mr. Mayweather's reliance: namely, (a) in or about late June 2024 and through July 1, 2024, that the $7,500,000 wire to Frist Apex was a twelve-month investment vehicle that would generate a return for Mr. Mayweather's benefit; (b) on or before October 10, 2024, that the $16,400,000 Hankey cross-collateralized loan proceeds were being applied for Mr. Mayweather's benefit and operating use; (c) between October 8 and October 13, 2024, and continuing thereafter, that Mr. Mayweather was acquiring a 62-building, 1,000-apartment Manhattan portfolio for $402,000,000 against a represented value of $500,000,000, when in fact the only acquisition documented was a 5% Class "A" membership interest in Morningside Affordable Housing Group LLC for aggregate documented acquisition consideration of $31,500,000; (d) in conversations during 2024 and 2025, that the SL Green-related settlement proceeds would be applied for Mr. Mayweather's benefit, when in fact Rechnitz had directed Seligson to divert approximately $15,000,000 of those proceeds to Frist Apex; and (e) on a continuing basis from 2017 through 2026, that Rechnitz was acting in Mr. Mayweather's best interests and faithfully discharging the role of investment manager, real estate advisor, and confidant that he had assumed.

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)    INDEX NO. UNASSIGNED

NYSCEF DOC. NO. 2    Case 1:26-cv-05150-VSB    Document 16-5    Filed 06/24/26    Page 17 of 26    RECEIVED NYSCEF: 05/21/2026

51.     Owing to Mr. Mayweather the duties of a constructive fiduciary, Rechnitz also fraudulently concealed from Mr. Mayweather material facts that Rechnitz had a duty to disclose, including: namely, (a) the diversion of more than half of the October 10, 2024 Hankey loan proceeds to Frist Apex; (b) the routing of 20% of every Manhattan portfolio distribution to Frist Apex on a continuing basis; (c) the installation of Defendant Seligson as managing agent of Plaintiff 9504 Kings Gate Ct. LLC for the purpose of acting as Rechnitz's disbursement agent; (d) the disbursement of refinance proceeds and SL Green-related settlement proceeds to Frist Apex; and (e) the pledging of jewelry valued at approximately $100,000,000 against consideration of only approximately $13,000,000, none of which was paid over to Mr. Mayweather.

52.     Defendant Frist participated in, and substantially assisted, Rechnitz's misrepresentations and omissions by, among other things, signing the November 6, 2024 Distribution Proceeds Letter as "Manager" of Vada Properties when he held no such office, and by countersigning the December 26, 2024 tenant letter as "CEO Vada Properties" when he held no such office. Frist's false holdings-out of corporate office were made to induce Mr. Mayweather and third-party counterparties to treat Frist as authorized when he was not.

53.     Mr. Mayweather justifiably relied on the foregoing misrepresentations and omissions. As a direct and proximate result of Defendants Rechnitz's and Frist's fraud, Plaintiffs have been damaged in an amount of not less than $175,000,000, to be determined at trial.

54.     Defendants Rechnitz and Frist acted with malice and conscious disregard for the rights of Plaintiffs. Plaintiffs are entitled to an award of punitive damages.

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

## AS AND FOR A SECOND CAUSE OF ACTION

(Breach of Fiduciary Duty — Against Defendant Rechnitz)

55.     Plaintiffs repeat and reallege each of the foregoing paragraphs as if fully set forth herein.

56.     A constructive fiduciary relationship existed at all relevant times between Mr. Mayweather and Defendant Rechnitz. That relationship arose by virtue of Rechnitz's assumption of the de facto role of Mr. Mayweather's investment manager, real estate advisor, and banking liaison; Rechnitz's direction over the disposition of Mr. Mayweather's funds, accounts, and entities; Rechnitz's installation of Seligson as managing agent over Mr. Mayweather's single-purpose Nevada limited liability companies and disbursement accounts; and Mr. Mayweather's reposing of confidence and trust in Rechnitz in respect of those affairs.

57.     The constructive fiduciary relationship imposed on Rechnitz the duties of loyalty, candor, care, and good faith owed to Mr. Mayweather and the Plaintiff entities controlled by him.

58.     Rechnitz breached those fiduciary duties by, among other things: namely, (a) directing the diversion of Mr. Mayweather's funds to Frist Apex and other entities he and his confederates controlled; (b) engaging in self-dealing without disclosure or informed consent; (c) concealing material facts from Mr. Mayweather that Rechnitz had a duty to disclose; (d) placing his own interests and those of his confederates ahead of Mr. Mayweather's; and (e) causing and facilitating the public and written holding-out of Defendant Frist as "Manager" and "CEO Vada Properties" during the period of his constructive-fiduciary control, knowing that no such offices had been duly conferred on Frist.

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)

INDEX NO. UNASSIGNED

NYSCEF DOC. NO. 2

Case 1:26-cv-05150-VSB    Document 16-5    Filed 06/24/26    Page 19 of 26

RECEIVED NYSCEF: 05/21/2026

59.     By reason of Rechnitz's breaches of fiduciary duty, Plaintiffs have been damaged in an amount of not less than $175,000,000, to be determined at trial, and are further entitled to disgorgement of all benefits received by Rechnitz in connection with his breaches and to an award of punitive damages.

## AS AND FOR A THIRD CAUSE OF ACTION
(Aiding and Abetting Breach of Fiduciary Duty — Against Defendants Frist, Frist Apex Ventures, LLC, and Seligson)

60.     Plaintiffs repeat and reallege each of the foregoing paragraphs as if fully set forth herein.

61.     As alleged above, Rechnitz owed and breached fiduciary duties of loyalty, candor, care, and good faith to Mr. Mayweather and the Plaintiff entities controlled by him.

62.     Defendants Frist, Frist Apex, and Seligson each had actual knowledge of Rechnitz's fiduciary duties to Mr. Mayweather and of Rechnitz's breaches of those duties. Seligson's admissions that he disbursed approximately $17,127,826 to Frist Apex "at Rechnitz's direction" and "without Mr. Mayweather's authorization" — admissions described in paragraphs 17, 42, and 43 above — evidence Seligson's actual knowledge of the impropriety of those disbursements. Frist's execution of the November 6, 2024 Distribution Proceeds Letter as "Manager" and the December 26, 2024 tenant letter as "CEO Vada Properties" — offices Frist did not hold — evidences Frist's actual knowledge that the conduct in which he was participating was undertaken without proper authorization. Frist Apex's acceptance and retention of identifiable funds belonging to Plaintiffs evidences Frist Apex's actual knowledge of the same.

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

63.   Defendants Frist, Frist Apex, and Seligson knowingly induced and provided substantial assistance to Rechnitz's breaches of fiduciary duty by, among other things: namely, (a) in the case of Frist and Frist Apex, accepting, receiving, and retaining diverted funds belonging to Plaintiffs; (b) in the case of Frist, signing as "Manager" and "CEO Vada Properties" to lend the appearance of corporate regularity to the diversion of distributions from Plaintiffs' entities; and (c) in the case of Seligson, causing the disbursement of approximately $17,127,826 in identifiable funds to Frist Apex at Rechnitz's direction and without Mr. Mayweather's authorization.

64.   As a direct and proximate result of the foregoing aiding and abetting, Plaintiffs have been damaged in an amount of not less than $175,000,000, to be determined at trial.

### AS AND FOR A FOURTH CAUSE OF ACTION
(Conversion — Against Defendants Rechnitz, Frist, and Frist Apex Ventures, LLC)

65.   Plaintiffs repeat and reallege each of the foregoing paragraphs as if fully set forth herein.

66.   Plaintiffs at all relevant times owned and were entitled to the immediate possession of, among other identifiable property: namely, (a) the $7,500,000 wired to Frist Apex on July 1, 2024 under the "12 MONTH INVESTMENT" notation; (b) the $8,811,463.77 of October 10, 2024 Hankey loan proceeds diverted to Frist Apex; (c) the $1,000,000 deposit paid in connection with the proposed 1196 Sixth Avenue acquisition and diverted to Pristine Jewelers NY Inc.; (d) the $2,127,826 in April 2025 refinance proceeds of the 9504 Kings Gate Court property diverted to Frist Apex; (e) the approximately $15,000,000 in SL Green-related settlement proceeds diverted to Frist Apex; (f) the proceeds of the November 2025 disposition of

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)

NYSCEF DOC. NO. 2

INDEX NO. UNASSIGNED

RECEIVED NYSCEF: 05/21/2026

Case 1:26-cv-05150-VSB    Document 16-5    Filed 06/24/26    Page 21 of 26

aircraft N305DG; and (g) the jewelry placed with Joel and Moti in August 2025, as itemized in Schedule A.

67.     Defendants Rechnitz, Frist, and Frist Apex exercised unauthorized dominion over Plaintiffs' identifiable property by, among other things, causing the receipt and retention of the diverted funds and property described in paragraph 66 above, and authorizing the liquidation of pledged jewelry without Mr. Mayweather's authority.

68.     Plaintiffs have demanded the return of the converted property. Defendants Rechnitz, Frist, and Frist Apex have refused.

69.     As a direct and proximate result of the foregoing conversion, Plaintiffs have been damaged in an amount of not less than $175,000,000, to be determined at trial, and are further entitled to an award of punitive damages.

### AS AND FOR A FIFTH CAUSE OF ACTION
(Accounting — Against All Defendants)

70.     Plaintiffs repeat and reallege each of the foregoing paragraphs as if fully set forth herein.

71.     Each of the Defendants stands in a fiduciary or quasi-fiduciary relationship with Plaintiffs by reason of: namely, (a) Rechnitz's constructive fiduciary relationship with Mr. Mayweather; (b) Frist's holding-out as "Manager" and "CEO Vada Properties"; (c) Frist Apex's receipt and retention of identifiable funds belonging to Plaintiffs; and (d) Seligson's role as Initial Manager of Plaintiff 9504 Kings Gate Ct. LLC and as the admitted disbursement agent for funds attributable to Mr. Mayweather.

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)

INDEX NO. UNASSIGNED

NYSCEF DOC. NO. 2

Case 1:26-cv-05150-VSB    Document 16-5    Filed 06/24/26    Page 22 of 26

RECEIVED NYSCEF: 05/21/2026

72.     Plaintiffs have demanded an accounting and Defendants have failed and refused to provide one. Plaintiffs lack an adequate remedy at law.

73.     Plaintiffs are entitled to a full and complete accounting from each Defendant of all funds, property, and value received from or attributable to Plaintiffs, and of the application and disposition of such funds, property, and value.

### AS AND FOR A SIXTH CAUSE OF ACTION
(Unjust Enrichment and Money Had and Received, in the Alternative — Against Defendants Rechnitz, Frist, and Frist Apex Ventures, LLC)

74.     Plaintiffs repeat and reallege each of the foregoing paragraphs as if fully set forth herein and plead this cause of action in the alternative to the First, Second, Third, and Fourth Causes of Action.

75.     Defendants Rechnitz, Frist, and Frist Apex Ventures, LLC have been enriched by their receipt and retention of funds and property belonging to Plaintiffs, including the wires, refinance proceeds, settlement proceeds, distributions, and jewelry-pledge consideration enumerated above.

76.     Defendants' enrichment has come at Plaintiffs' expense.

77.     It is against equity and good conscience to permit Defendants to retain such funds and property. Plaintiffs are entitled to restitution and the return of all such funds and property, together with interest, in an amount to be determined at trial.

### AS AND FOR A SEVENTH CAUSE OF ACTION
(Constructive Trust — Against Defendant Frist Apex Ventures, LLC)

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

78.     Plaintiffs repeat and reallege each of the foregoing paragraphs as if fully set forth herein.

79.     A confidential and fiduciary relationship existed at all relevant times between Mr. Mayweather and Defendant Rechnitz, in connection with which Defendant Frist Apex Ventures, LLC functioned as the de facto depository for funds belonging to Plaintiffs that Rechnitz caused to be diverted.

80.     Defendants Rechnitz and Frist promised, expressly or impliedly, that funds deposited into Frist Apex from Plaintiffs' sources would be applied for Plaintiffs' benefit — including, by way of example, the represented "12 MONTH INVESTMENT", the represented Manhattan portfolio acquisition structure, and the represented SL Green recovery.

81.     Plaintiffs transferred or caused to be transferred funds and property to Frist Apex in reliance on those representations and in reliance on Mr. Mayweather's confidential relationship with Rechnitz.

82.     Defendant Frist Apex Ventures, LLC has been unjustly enriched by its receipt and retention of those funds.

83.     Plaintiffs are entitled to the imposition of a constructive trust over: namely, (a) all funds presently or formerly held in Frist Apex Ventures, LLC's JPMorgan Chase Bank accounts; (b) all funds, property, or value traceable to such funds wherever located; and (c) any distributions from the Manhattan portfolio that have been or hereafter may be routed to Frist Apex Ventures, LLC. Plaintiffs lack an adequate remedy at law.

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)

INDEX NO. UNASSIGNED

NYSCEF DOC. NO. 2

Case 1:26-cv-05150-VSB    Document 16-5    Filed 06/24/26    Page 24 of 26

RECEIVED NYSCEF: 05/21/2026

**WHEREFORE**, Plaintiffs respectfully request that this Court enter judgment in their favor and against Defendants, jointly and severally, and grant the following relief: (i) compensatory damages of not less than $175,000,000, to be determined at trial; (ii) punitive damages; (iii) pre-judgment and post-judgment interest at the maximum rates allowed by law; (iv) an order directing each Defendant to provide a full and complete accounting as described in the Fifth Cause of Action; (v) the imposition of a constructive trust on all funds and property held by Frist Apex Ventures, LLC or otherwise in the possession of Defendants that is traceable to Plaintiffs' funds or property, as described in the Seventh Cause of Action; (vi) restitution and disgorgement, in the alternative; (vii) costs of suit and reasonable attorneys' fees to the extent permitted by law or contract; and (viii) such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiffs demand trial by jury of all issues so triable pursuant to CPLR 4102.

Dated:  New York, New York
        May 21, 2026

**JACOBS P.C.**

By:  /s/ Leo Jacobs
Leo Jacobs
Adam B. Sherman
Wayne M. Greenwald
717 Fifth Avenue, 17th Floor
New York, New York 10022
Tel: (212) 229-0476
leo@jacobspc.com
*Counsel for Plaintiffs*

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)

NYSCEF DOC. NO. 2

INDEX NO. UNASSIGNED

RECEIVED NYSCEF: 05/21/2026

Case 1:26-cv-05150-VSB    Document 16-5    Filed 06/24/26    Page 25 of 26

I am the named Plaintiff in the above-captioned action and am authorized to make this Verification on behalf of myself and on behalf of the entity Plaintiffs.

I have read the foregoing Verified Complaint and know its contents. The same is true to my own knowledge, except as to those matters stated upon information and belief, and as to those matters I believe them to be true.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 19th day of MAY, 2026, at Las Vegas, Nevada.

_____
FLOYD MAYWEATHER, JR.

Sworn to and subscribed before me
this _____ day of _____, 2026.

_____
**Notary Public**
My commission expires: _____

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

# NEVADA ACKNOWLEDGMENT (LOOSE CERTIFICATE)

State of Nevada
County of _Clark_

On this _19th_ day of _May_, 2026, before me, _Melissia Rene Brim_ (name of notary), personally appeared _Floyd Joy Mayweather_ (name of signer), who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument, the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I declare under penalty of perjury under the law of the State of Nevada that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature of Notary Public: _____

(Seal)

MELISSA RENE BRIM
NOTARY PUBLIC
STATE OF NEVADA
My Commission Expires: 02-05-30
Certificate No: 26-7439-01

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.