UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------X     CASE NO. 1:26-CV-05150 (VSB)

CSI ENTERTAINMENT, LLC, CSI SPORTS
EVENTS, LLC, and CSI ENTERTAINMENT
EVENTS, LLC,

                *Plaintiffs*,

      – against –

FLOYD MAYWEATHER, JR. and
FRIST APEX VENTURES LLC,

                *Defendants*.

-------------------------------------------------------------X

### DECLARATION OF SPECIALLY APPEARING DEFENDANT FLOYD MAYWEATHER, JR. IN SUPPORT OF OPPOSITION TO PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION AND TEMPORARY RESTRAINING ORDER

I, Floyd Mayweather, Jr., hereby declare as follows pursuant to 28 U.S.C. § 1746:

1.      I am over 18 years of age, of sound mind, and otherwise competent to make this declaration. I have personal knowledge of the facts set forth herein, except for those stated on information and belief, and as to those, I am informed and believe them to be true. If called as a witness, I could and would competently testify to those facts set forth herein.

2.      I am a named defendant in the above-captioned action. I submit this declaration in support of my Opposition to Plaintiffs' Motion for Preliminary Injunction and Temporary Restraining Order.

3.      I am generally familiar with Plaintiffs' allegations against me in this case. It is my understanding that Plaintiffs claim I received advances that were allegedly paid by Plaintiffs to Frist Apex Ventures LLC in August 2025 ($2 million advance) and November 2025 ($2.5 million advance). That is not correct. I did not receive either the $2 million payment or the $2.5 million payment from Frist Apex, Plaintiffs, or anyone acting on their behalf. I am informed and believe

1

Plaintiffs have filed proof showing that those payments were made to Frist Apex. I do not know what Frist Apex did with those funds.

4.    After I spoke with Richard Milele and informed him that I had not received the $2 million or $2.5 million payments allegedly made by CSI to Frist Apex, Mr. Milele and I agreed to execute a letter of direction for future payments. I requested that protection because I had not received the prior CSI payments and because of concerns that funds paid to Frist Apex had been misappropriated and/or stolen. I have requested from Frist Apex a reconciliation of all payments received or made in connection with my boxing events, including any CSI-related payments, but I have not received that reconciliation to date.

5.    In late February or early March of this year, I completed my medicals for the fight with Mike Tyson. The plan was for the fight to happen in the spring of 2026. I was ready, willing and able to participate in the exhibition fight against Mike Tyson this spring.

6.    I am informed that Plaintiffs also allege that I accepted a $2.75 million advance from EverWonder and took a $5.8 million advance from a third-party lender against a contract with EverWonder. Neither statement is correct. To the best of my knowledge, those advances or loan proceeds were paid to Frist Apex or others, not to me or Mayweather Promotions. I did not receive those funds and do not know what was done with them.

7.    My former manager Jona Rechnitz hid information from me and misled me about a lot of things, including the deals he was negotiating with Plaintiffs for fights against Mike Tyson and Manny Pacquiao. Unfortunately, I still trusted him at the time because I did not know about his shady dealings. When Jona asked me to sign an inducement letter, he did not tell me specifics regarding the deal between Frist Apex and Plaintiffs. Because of my trust in Jona at the time, I signed the inducement letter without knowledge of the deal terms.

2

8.      After I discovered evidence that Jona was taking advantage of, lying to and stealing from me, I hired Walter Jordan to be my business manager in February 2026.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on June 25, 2026 at Athens, Greece.

_____

FLOYD MAYWEATHER, JR.

3