UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                                   :

CSI ENTERTAINMENT, LLC, et al.,        :

                                   :

                     Plaintiffs,   :
                                   :                 26-CV-5150 (VSB)

             -against-       :
                                   :                 **ORDER**

FLOYD MAYWEATHER JR. and      :
FRIST APEX VENTURES LLC,       :

                                   :

                   Defendants.  :
                                   :
------------------------------------------------------------- X

VERNON S. BRODERICK, United States District Judge:

      I am in receipt of Defendants' filing earlier this afternoon indicating that "the Mayweather-Zambidis event will no longer proceed in Athens, Greece as planned on Saturday evening." (Doc. 28.)  In Plaintiffs' motion for a temporary restraining order, they stated that "[t]he Zambidis Fight is the most imminent harm to Plaintiffs as it is scheduled to take place in **Greece next Saturday, June 27, 2026.**" (Doc. 5 at 3 (emphasis in original).)  Plaintiffs also sought additional relief in their motion, including "[p]rohibiting Mayweather from fighting anyone else other than Tyson before he honors his obligation to fight Tyson as his next fight in an event broadcast by CSI Sports" and "[p]reventing Mayweather from fighting anyone other than Pacquiao or a fighter acceptable to CSI Entertainment Events immediately after Tyson in a bout to be broadcast by CSI Entertainment Events." (*Id.* at 2.)  There appears to be no prospect that the latter of these additional forms of relief, at least, will become relevant prior to September 26, 2026.  (*See* Doc. 24 (discussing a possible September 26, 2026 date for the exhibition against Tyson).)

      "The purpose of a temporary restraining order is to preserve an existing situation in statu

quo until the court has an opportunity to pass upon the merits of the demand for a preliminary injunction." *Pan Am. World Airways, Inc. v. Flight Engineers' Intern. Ass'n*, 306 F.2d 840, 842 (2d Cir. 1962).  "The Court must examine whether the movants have demonstrated a threat of irreparable harm that will occur *immediately* to justify a temporary restraining order, while the temporal context of a preliminary injunction takes a longer view." *Omnistone Corp. v. Cuomo*, 485 F. Supp. 3d 365, 367–68 (E.D.N.Y. 2020) (emphasis in original).

As the fight between Mayweather and Zambidis previously scheduled for this Saturday, June 27, "will no longer proceed," (*see* Doc. 28), it is not clear to me what "irreparable harm" will "occur *immediately*," while I adjudicate the merits of Plaintiffs' motion for a preliminary injunction.  *See Omnistone*, 485 F. Supp. 3d. at 367 (emphasis in original).  As such, I will hold any ruling on the Plaintiffs' motion for a temporary restraining order in abeyance at least until I hear from the parties concerning:  (1) the need for an immediate ruling on the motion for a temporary restraining order; and (2) a proposed expedited schedule for discovery, briefing, and a preliminary injunction hearing.  The parties should meet and confer and propose a time for a telephonic conference next week to discuss these two issues.  The court is available for a conference next week on Monday, June 29 between 1:00 p.m. and 5:00 p.m. and on Tuesday, June 30 between 10:00 a.m. and 3:00 p.m.

SO ORDERED.
Dated:       June 25, 2026
             New York, New York

Vernon S. Broderick
United States District Judge