JUDD BURSTEIN, P.C.
ATTORNEYS AT LAW

JUDD BURSTEIN
JBURSTEIN@BURLAW.COM
——

PETER B. SCHALK*
OF COUNSEL
PSCHALK@BURLAW.COM

VICTOR M. WEBERMAN
VWEBERMAN@BURLAW.COM

*ALSO ADMITTED IN NEW JERSEY

825 THIRD AVENUE
21ST FLOOR
NEW YORK, NEW YORK 10022
TEL: (212) 974-2400
FAX: (212) 974-2944
WWW.BURLAW.COM

July 9, 2026

**VIA ECF**

The Honorable Vernon S. Broderick
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Courtroom 518
New York, NY 10007

Re:   *CSI Entertainment, LLC, et al. v. Mayweather et al.*, Case No. 26-cv-5150 (VSB)

Dear Judge Broderick:

I submit this letter on behalf of Plaintiffs CSI Entertainment, LLC, CSI Sports Events, LLC, and CSI Entertainment Events, LLC (collectively, "Plaintiffs" or "CSI"). Pursuant to Your Honor's Order, dated July 2, 2026, Doc. No. 40 ("July 2 Order"), counsel for the parties have met and conferred on scheduling and date(s) for a preliminary injunction hearing. While we have agreed to (a) waive the depositions of parties and witnesses under the parties' respective control, (b) subject to Your Honor's approval, present direct testimony by Declaration where possible, and (c) seek documents informally through email, we have failed to reach agreement on anything else and have agreed to submit separate letters to propose a schedule.

**First**, Plaintiffs believe that a preliminary injunction hearing will require two to three days of testimony and request that the Court schedule the hearing on August 26 to 28, 2026 – dates on which David Jonelis, lead counsel for Defendant Floyd Maywethaer, Jr. ("Mayweather"), has told me that he is available.[1] I ask for these dates because, as the proof will show, Plaintiffs intend to go forward with the "Tyson Fight" on September 26, 2026 if Mr. Mayweather agrees to participate in that Fight. To that end, (a) CSI has the American Airlines Center in Dallas "on hold," (b) Mike Tyson ("Tyson") is willing and able to fight on that date, and (c) CSI will either (i) secure any required promoter's license, or (ii) retain a licensed promoter to promote the Fight. However, a delay of the hearing until September will make it impossible for the Tyson Fight to go forward on September 26 even if, by reason of a preliminary injunction, Mayweather agrees to participate in

---

[1]   Plaintiffs would have been prepared to go forward on an earlier date in August of 2026, but Mr. Jonelis asked me to respect his vacation plans, and I did so.

JUDD BURSTEIN, P.C.

Hon. Vernon S. Broderick
July 9, 2026
Page 2

the Fight because CSI will have insufficient lead time to make the event successful.[2]  Further, a September hearing will give Mayweather even more of an opportunity to enter into an agreement for a bout after the as yet unscheduled "Zambidis Fight."[3]

**Second**, I believe that Mr. Jonelis proposes to defer all discovery until after the Court rules on whether a hearing should go forward.[4]  He assumes that, after briefing and argument, the Court will immediately rule that no hearing is necessary because Plaintiffs cannot show irreparable harm. Central to this argument are Mr. Jonelis's beliefs that (a) the Court will agree to his schedule for its decision on the need for a hearing, and (b) no discovery is needed on the issue of irreparable injury.  In fact, as I am prepared to demonstrate to the Court if it wants a submission on the issue, Plaintiffs need additional documents related to the question of irreparable harm before they file their brief concerning whether an evidentiary hearing on the preliminary injunction is necessary.

**Third**, the schedule proposed by Mr. Jonelis does not take account of the facts (a) that the Court may not immediately rule on the issue of whether a hearing on the preliminary injunction is needed, and (b) that (i) the Court may rule in favor of Plaintiffs on that issue, and (ii) if so, Plaintiffs must prove the other elements required for a preliminary injunction and need documents from Mayweather to do so.  Hence, discovery should not wait until the Court rules on the necessity of a hearing, as that delay would unreasonably compress the time period between the date for disclosure of documents and pretrial submissions.

**Fourth**, Mr. Jonelis's proposed schedule also fails to take account of the facts that (a) I may need to subpoena witnesses who will not agree to provide Declarations, and (b) pretrial issues – *e.g.*, disputes over document production – often arise and must be resolved by the Court.

**Fifth**, I understand from my last communication with him that Mr. Jonelis proposes that Plaintiffs file their brief – without the benefit of any discovery – on July 24.  He had originally

---

[2]    As it is, CSI is taking a considerable financial risk by moving forward with the Tyson Fight in the hope that it will secure a preliminary injunction and Mayweather will then agree to fight Tyson on September 26.

[3]    I note that I had originally misread the July 2 Order to state that the Court was available only on the specific dates mentioned therein, as opposed to dates between some of those listed dates.  I have personal plans for September 2026 but had agreed to rearrange them because Mr. Jonelis informed me that, for personal reasons, he could not fly back and forth from Los Angeles to New York to appear in Court on non-consecutive dates.  However, since Mr. Jonelis can go forward on consecutive days in August of 2026 which the Court has available, I would prefer to keep my plans in place.

[4]    My recounting of Mr. Jonelis's proposal is based upon our last communications, which provided for a telephonic hearing on the issue of irreparable harm after briefing and before exchanging document requests.  However, I recognize that he may have changed his position since then, as is his right.

JUDD BURSTEIN, P.C.

Hon. Vernon S. Broderick
July 9, 2026
Page 3

proposed that CSI's brief be due on July 17 but then stated that he would agree to July 24 in deference to my personal commitments in July.  While I appreciate Mr. Jonelis's courtesy, his proposed date of July 24 would still place an unreasonable burden upon me.

Accordingly, Plaintiffs propose the following schedule, which (a) is designed so as not to interfere with Mr. Jonelis's vacation (ending on July 17), but (b) allows for Mayweather's collection of documents while Mr. Jonelis is away:

**Discovery**

    a.    Document requests by email:  **July 21, 2026**;

    b.    The parties' agreement on a confidentiality stipulation, thereby, *inter alia*, eliminating the need for disputes over redactions by permitting designation of documents as "Attorneys' Eyes Only":  **July 27, 2026**;

    c.    Written responses by email to document requests, together with production of documents which the parties agree to produce:  **August 3, 2026**;

    d.    Meet and confer on outstanding discovery disputes:  **August 4, 2026**;

    e.    Submission of a joint letter to the Court, if necessary, on any unresolved discovery disputes:  **August 5, 2026**; and

    f.    End of discovery:  **August 10, 2026**.

**Other Deadlines**

    a.    Exchange Witness Lists:  **July 21, 2026**;[5]

    b.    Exchange Exhibit Lists and Witness Declarations:  **August 7, 2026**;[6]

    c.    Parties' briefs concerning the evidentiary hearing:  **August 10, 2026**;

    d.    Parties' reply briefs concerning the evidentiary hearing:  **August 17, 2026**; and

    e.    Joint Pretrial Order and submission of pre-marked exhibits:  **August 21, 2026**.

Respectfully yours,
*/s/ Judd Burstein*
Judd Burstein

cc:    Counsel of Record (via ECF)

---

[5]    This will give Plaintiffs sufficient time to subpoena third parties for documents and/or testimony.

[6]    Mr. Jonelis had proposed that the parties submit Reply Declarations.  Plaintiffs oppose this proposal because Declarations are to be submitted only as substitutes for direct testimony.  I also note that Plaintiffs are prepared to forego expert reports.  However, if Mayweather disagrees, expert reports should also be due on August 7, 2026.