UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
CSI ENTERTAINMENT, LLC, CSI SPORTS
EVENTS, LLC, and CSI ENTERTAINMENT
EVENTS, LLC,

                              *Plaintiffs*,

              – against –

FLOYD MAYWEATHER, JR. and
FRIST APEX VENTURES LLC,

                              *Defendants*.
-----------------------------------------------------------X

Case No. 26-cv-5150 (VSB)


**PLAINTIFFS' REPLY MEMORANDUM OF LAW ON THE ISSUE OF WHETHER
THE COURT SHOULD HOLD AN EVIDENTIARY HEARING ON PLAINTIFFS'
<u>MOTION FOR A PRELIMINARY INJUNCTION</u>**


JUDD BURSTEIN, P.C.
825 Third Avenue, 21st Floor
New York, New York 10022
(212) 974-2400
*Attorneys for Plaintiffs CSI
Entertainment, LLC, CSI Sports
Events, LLC, and CSI Entertainment
Events, LLC*

TABLE OF CONTENTS

TABLE OF AUTHORITIES ........................................................................................ ii

STATEMENT OF FACTS ..........................................................................................1

ARGUMENT ..............................................................................................................1

POINT I

AN EVIDENTIARY HEARING IS NECESSARY BECAUSE THERE ARE DISPUTED
FACTS OVER WHETHER ANY MONEY JUDGMENT WHICH CSI OBTAINS AGAINST
MAYWEATHER WILL BE COLLECTIBLE.................................................................1

    A.    THE COURT SHOULD EXERCISE ITS DISCRETION TO REACH THE
        MERITS ON CSI'S INSOLVENCY ARGUMENT ................................................1

    B.    MAYWEATHER HAS FAILED TO DEMONSTRATE THAT THERE IS NO
        MATERIAL FACTUAL DISPUTE ON THE APPLICATION OF THE
        INSOLVENCY EXCEPTION ...................................................................................4

        1.    Mayweather Misconstrues CSI's Burden Here..............................................4

        2.    CSI Has Demonstrated That an Evidentiary Hearing Is Necessary.............6

        3.    Grupo Mexicano Has Not Eliminated the Insolvency Exception................7

POINT II

AN EVIDENTIARY HEARING IS NECESSARY BECAUSE THERE ARE DISPUTED
FACTS AS TO WHETHER CSI WILL SUFFER IRREPARABLE HARM FOR OTHER
REASONS ..................................................................................................................9

TABLE OF AUTHORITIES

CASES

*AmTrust N. Am. v. KF&B, Inc.*,
   17-cv-5340 (LJL),
   2020 U.S. Dist. LEXIS 166776 (S.D.N.Y. Sep. 11, 2020)..................................................8

*Armstrong v. Mazurek*,
   906 F. Supp. 561 (D. Mont. 1995)....................................................................................5

*Armstrong v. Mazurek*,
   94 F.3d 566 (9th Cir. 1996) ..............................................................................................5

*Beyond Bespoke Tailors, Inc. v. Barchiesi*,
   20-cv-5482 (VSB),
   2021 U.S. Dist. LEXIS 103637 (S.D.N.Y. June 2, 2021)..................................................2

*Brenntag Int'l Chemicals, Inc. v. Bank of India*,
   175 F.3d 245 (2d Cir. 1999)..............................................................................................8

*Charette v. Town of Oyster Bay*,
   159 F.3d 749 (2d Cir. 1998)..............................................................................................4

*CRP/Extell Parcel I, L.P. v. Cuomo*,
   394 F. App'x 779 (2d Cir. 2010) .......................................................................................8

*Daileader v. Certain Underwriters at Lloyd's London*,
   670 F. Supp. 3d 12 (S.D.N.Y. 2023),
   *aff'd*, 96 F.4th 351 (2d Cir. 2024)....................................................................................6

*Duracell U.S. Operations, Inc. v. Energizer Brands, LLC*,
   25 Civ. 5020 (JPC),
   2025 U.S. Dist. LEXIS 160001 (S.D.N.Y. Aug. 18, 2025)................................................2

*Fengler v. Numismatic Americana Inc.*,
   832 F.2d 745 (2d Cir. 1987)..............................................................................................6

*GEOMC Co. v. Calmare Therapeutics, Inc.*,
   No. 3:14-01222 (VAB),
   2021 U.S. Dist. LEXIS 172950 (D. Conn. Sep. 13, 2021) ...........................................7-8

*Gov't Emps. Ins. Co. v. Bhargav Patel*,
   166 F.4th 280 (2d Cir. 2026) ............................................................................................8

*Grupo Mexicano De Desarrollo S.A. v. Alliance Bond Fund*,
    527 U.S. 308 (1999) ..................................................................................................7

*Heuser v. City of Glen Cove*,
    25-541,
    2026 U.S. App. LEXIS 17990 (2d Cir. June 22, 2026) ......................................................2

*Leadenhall Capital Partners LLP v. Advantage Capital Holdings LLC*,
    171 F.4th 155 (2d Cir. 2026) .........................................................................................7

*Lewis v. Rahman*,
    147 F. Supp. 2d 225 (S.D.N.Y. 2001) ...........................................................................10

*Mazurek v. Armstrong*,
    520 U.S. 968 (1997) ...............................................................................................4, 5

*Papaleontiou v. Nat'l Ass'n of Bds. of Pharmacy*,
    25-cv-03146 (NCM) (MMH),
    2026 U.S. Dist. LEXIS 143891 (E.D.N.Y. June 29, 2026) .............................................. 8-9

*Ruggiero v. Warner-Lambert Co.*,
    424 F.3d 249 (2d Cir. 2005)...........................................................................................2

*Vis Vires Grp., Inc. v. Endonovo Therapeutics, Inc.*,
    149 F. Supp. 3d 376 (E.D.N.Y. 2016) ..........................................................................7, 9

## STATUTES AND OTHER AUTHORITIES

DCL § 271(a) ....................................................................................................................6

DCL § 271(b)....................................................................................................................6

Plaintiffs CSI Entertainment, LLC, CSI Sports Events, LLC, and CSI Entertainment Events, LLC (collectively, "Plaintiffs" or "CSI") submit this Reply Memorandum of Law on the issue of whether the Court should hold an evidentiary hearing on CSI's Motion for a Preliminary Injunction – more specifically, whether a hearing is necessary on the issue of irreparable harm.[1]

## ARGUMENT

### POINT I

**AN EVIDENTIARY HEARING IS NECESSARY BECAUSE THERE ARE DISPUTED FACTS OVER WHETHER ANY MONEY JUDGMENT WHICH CSI OBTAINS AGAINST MAYWEATHER WILL BE COLLECTIBLE**

**A.     THE COURT SHOULD EXERCISE ITS DISCRETION TO REACH THE MERITS ON CSI'S INSOLVENCY ARGUMENT**

On July 24, 2026, the Court entered an Order addressing CSI's expedited discovery requests, Doc. No. 52 ("Discovery Order"). The Court rejected CSI's request for documents from Mayweather relevant to its insolvency argument, stating: "I did not and need not have considered that argument in adjudicating the motion for a temporary restraining order because arguments cannot be raised for the first time in reply briefs." Discovery Order at 4.

It is unclear whether the Court precluded further argument or only denied discovery because, at pages 4-7 of the Discovery Order, it also discussed the insolvency exception in detail. *See, e.g.*, *id.* at 4 ("[N]one of the cases cited by Plaintiffs actually deal with the scope of discovery that is appropriate in a preliminary injunctive posture to vindicate speculation that an opposing party is insolvent."). In any event, we respectfully submit that the Court should exercise its discretion to address the merits of CSI's insolvency argument.

---

[1]     CSI adopts the same defined terms used in its moving papers on the Preliminary Injunction Motion.

**First**, the Court has the discretion to consider arguments made for the first time on reply. *Ruggiero v. Warner-Lambert Co.*, 424 F.3d 249, 252 (2d Cir. 2005); *accord Heuser v. City of Glen Cove*, 25-541, 2026 U.S. App. LEXIS 17990, at *4 (2d Cir. June 22, 2026).

**Second**, as noted above, the Court did in fact address the merits of CSI's insolvency argument in the Discovery Order at pages 4-7 therein.

**Third**, the primary rationale for a court not considering arguments made for the first time on reply is "to prevent a party from being prejudiced by the inability to respond to the opposing party's arguments or evidence…." *Duracell U.S. Operations, Inc. v. Energizer Brands, LLC*, 25 Civ. 5020 (JPC), 2025 U.S. Dist. LEXIS 160001, at *2 (S.D.N.Y. Aug. 18, 2025). However, that prejudice disappears when an opposing party is permitted to respond to the new arguments. As this Court stated in *Beyond Bespoke Tailors, Inc. v. Barchiesi*, 20-cv-5482 (VSB), 2021 U.S. Dist. LEXIS 103637, at *2 (S.D.N.Y. June 2, 2021) (Broderick, D.J.):

> Given that I am providing Plaintiffs with the opportunity to file a sur-reply and a declaration to address this new evidence, Plaintiffs' motion to strike is denied. *See Revise Clothing, Inc. v. Joe's Jeans Subsidiary, Inc.*, 687 F. Supp. 2d 381, 387 (S.D.N.Y. 2010) (refusing to strike new evidence filed on reply where plaintiff would suffer no prejudice because plaintiff had "submitted a sureply and also had the opportunity to present evidence at the evidentiary hearing")….

As in *Beyond Bespoke Tailors*, the Court should exercise its discretion to consider the merits of CSI's insolvency argument because Mayweather will not thereby be prejudiced given the following:

   a.   On June 24, 2026, during the argument on its TRO Motion, CSI's counsel, acknowledging that the issue had been raised for the first time in its reply papers, argued that Mayweather's insolvency was a reason why the Court should find in CSI's favor on the issue of irreparable harm. Exhibit 1 to the accompanying Reply Declaration of Judd Burstein ("Burstein Reply Dec.") at 46-47;

b.      The Court then questioned CSI's counsel on the merits of his argument. *Id.* at 47-48;

c.      Mayweather's counsel then responded on the merits without contending that CSI's argument should not be considered because it was first advanced on reply. *Id.* at 54. To the contrary, counsel stated that Mayweather would "provide declarations establishing that Mr. Mayweather has assets and is able to satisfy a monetary damages judgment, and that there is no indication that he is insolvent and that is mere speculation by plaintiff." *Id.*;

d.      The Court permitted Mayweather's counsel to submit additional proof on the insolvency issue. *See id.* at 48-49. On June 25, 2026, Mayweather's counsel addressed the insolvency issue by submitting a letter to the Court, Doc. No. 28 at 3, and attaching a Declaration of Walter Jordan ("Jordan Dec."). Doc. No. 28-4 at ¶ 12;

e.      Mayweather's July 24, 2026 Memorandum of Law ("Mayweather MOL"), acknowledged that Mayweather had been provided an opportunity to address the merits of CSI's insolvency argument. *See* Doc. No. 55 at 12 ("CSI's insolvency assertion and Mayweather's responsive declaration were part of the record before the Court when it denied the TRO, although the Court did not separately address that theory in its Opinion and Order.");

f.      Mayweather's counsel also extensively argued the merits of CSI's insolvency claim. *Id.* at 14-19. However, the Mayweather MOL did not argue that the Court should not reach the merits because CSI had made its argument for the first time in its reply papers on the TRO motion. *See id.*; and

g. On July 29, 2026, Mr. Burstein sent an email to Mayweather's counsel stating that, notwithstanding the Discovery Order, CSI would be pursuing its insolvency argument in this Reply Memorandum of Law: "I did not want you to assume that insolvency is a dead issue and that there is no reason for you to respond to my arguments. Obviously, you are free to take that position, but I wanted to make sure that you were not blindsided by my reply brief." Exhibit 2 to the Burstein Reply Dec.[2] Hence, Mayweather has been afforded a full opportunity to respond to this issue on the merits.

**B. MAYWEATHER HAS FAILED TO DEMONSTRATE THAT THERE IS NO MATERIAL FACTUAL DISPUTE ON THE APPLICATION OF THE INSOLVENCY EXCEPTION**

**1. Mayweather Misconstrues CSI's Burden Here**

Mayweather's arguments in opposition to CSI's insolvency claim erroneously collapse two distinct issues: whether (a) CSI has already proved that Mayweather's "debts exceed his assets, that he is generally failing to pay debts as they become due …, or that a future judgment in Plaintiffs' favor would be uncollectible," Mayweather MOL at 18, and (b) CSI has adduced sufficient proof demonstrating that there are disputed issues of fact requiring an evidentiary hearing. *See Charette v. Town of Oyster Bay*, 159 F.3d 749, 755 (2d Cir. 1998).

Mayweather argues that, in order to secure a preliminary injunction hearing, CSI bears a burden "that is 'much higher' than the showing necessary merely to defeat summary judgment." Mayweather MOL at 19 (Quoting *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997)). However,

---

[2] Mr. Burstein sent this email to Mayweather's counsel in California at 5:40 a.m. PST. *Id.* He did not send it earlier because he did not read the Mayweather MOL until immediately before he sent the email. Burstein Reply Dec. at ¶ 6.

Mayweather has misinterpreted *Mazurek*, which did not address the quantum of proof needed to secure an evidentiary hearing.  Rather, *Mazurek* stands only for the proposition that a plaintiff's **ultimate** burden on a preliminary injunction motion is more exacting than the burden on a defendant in seeking to avoid summary judgment.

In the *Mazurek* trial court, the plaintiffs sought a preliminary injunction barring enforcement of a statute restricting abortion access.  *Armstrong v. Mazurek*, 906 F. Supp. 561, 564 (D. Mont. 1995).  While the District Court denied the motion on the papers, its opinion makes clear that the plaintiffs did not request an evidentiary hearing.  *Id. passim*.  On appeal, the plaintiffs successfully argued that the District Court had not properly balanced the hardships given its finding that the plaintiffs had established a serious question on the merits concerning the Montana Legislature's intent.  *Armstrong v. Mazurek*, 94 F.3d 566, 568 (9th Cir. 1996).  The plaintiffs did not argue that the Court should reverse because they had been denied an evidentiary hearing.  *Id. passim*.

Nor did the Supreme Court discuss whether an evidentiary hearing should have been held, much less reach any conclusion on that issue.  Rather, it reversed the Court of Appeals based upon its conclusion that the plaintiffs had not presented **any** documentary evidence demonstrating a serious question on the merits.  *Mazurek*, 560 U.S. at 972.  It was in this context that the Court referred to the burden applicable to a summary judgment motion **as an analogy**:

> One searches the Court of Appeals' opinion in vain for any mention of any evidence suggesting an unlawful motive on the part of the Montana Legislature.  If the motion at issue here were a defendant's motion for summary judgment, and if the plaintiff's only basis for proceeding with the suit were a claim of improper legislative purpose, one would demand *some* evidence of that improper purpose in order to avoid a nonsuit.  And what is at issue here is not even a defendant's motion for summary judgment, but a plaintiff's motion for preliminary injunctive relief, as to which the requirement for substantial proof is much higher.

*Id.* (Emphasis in original).[3]

### 2.    CSI Has Demonstrated That an Evidentiary Hearing Is Necessary

CSI has unquestionably demonstrated that, at a minimum, an evidentiary hearing is required on the insolvency exception because "'essential facts are in dispute.'"  *Fengler v. Numismatic Americana, Inc.*, 832 F.2d 745, 747 (2d Cir. 1987) (Citation omitted).

**First**, Mayweather does not deny, and therefore admits, the factual allegations in CSI's portion of counsel's joint letter, dated July 17, 2026, regarding expedited discovery, Doc. No. 48 ("Joint Letter") – *i.e.*, that (a) he does not own any significant personal property assets, (b) all his real property, with one exception, is owned by related trusts or LLCs, (c) he has been indicted for passing a bad $200,000 check, and (d) he owes millions in back taxes which are the subject of an IRS lien.  Joint Letter at 2-3.  Instead, he argues that these facts are insufficient to prove that the insolvency exception applies.  Mayweather MOL at 18.  But again, CSI does not have that burden in this round of briefing; it need only demonstrate that issues of fact must be resolved before the Court can rule on its preliminary injunction motion.

**Second**, CSI has provided significant additional evidence demonstrating both Mayweather's insolvency under DCL § 271(a) and that he should be presumed insolvent under DCL § 271(b).  *See* Doc. No. 54, CSI's Memorandum of Law dated July 24, 2026 ("CSI MOL"), at 3-8.

---

[3]    *Daileader v. Certain Underwriters at Lloyd's London*, 670 F. Supp. 3d 12 (S.D.N.Y. 2023), *aff'd*, 96 F.4th 351 (2d Cir. 2024), the other case cited by Mayweather to support this argument, is similarly inapposite because the plaintiffs in that case did not contend that they were entitled to an evidentiary hearing.

**Third**, beyond the evidence discussed in CSI's portion of the Joint Letter, CSI has also provided significant additional evidence in the public record demonstrating that Mayweather intends to frustrate any judgment obtained by CSI in this case.  *See* CSI MOL at 9-11.[4]

### 3.    *Grupo Mexicano* Has Not Eliminated the Insolvency Exception

The Court has raised questions about the continued viability of the insolvency exception after *Grupo Mexicano De Desarrollo S.A. v. Alliance Bond Fund*, 527 U.S. 308 (1999).  Discovery Order at 6-7.  We respectfully submit that the Court is mistaken in this regard.

*Grupo Mexicano* did not eliminate or even cast doubt upon the applicability of the insolvency exception other than in cases where a plaintiff moves to preliminarily enjoin a defendant from disposing of assets so as to preserve them to pay damages recoverable for breach of contract.  *See Leadenhall Capital Partners LLP v. Advantage Capital Holdings LLC*, 171 F.4th 155, 161 (2d Cir. 2026) ("*Grupo Mexicano* thus stands for the rather unremarkable observation that in a claim for contractual money damages, 'before judgment (or its equivalent) an unsecured creditor has no rights at law or in equity in the property of his debtor.'") (citation omitted).[5]  Here, CSI is not seeking to restrain Mayweather's use of his assets.

---

[4]    While this additional proof was not provided in the CSI MOL and the Declaration of Judd Burstein dated July 24, 2026, Doc. No. 53, Mayweather cannot claim that he has been prejudiced because (a) he has the opportunity to dispute them in his reply memorandum of law (due today), and (b) he necessarily has knowledge of these facts and therefore could have anticipated them in the Mayweather MOL or, at a minimum, should have expected that they would be presented to the Court.

[5]    The two cases cited by the Court on this issue are not to the contrary because they both addressed a plaintiff's motion for a preliminary injunction restraining a defendant's assets solely to ensure they would be available to pay damages that would be recoverable for a breach of contract.  *See Vis Vires Grp., Inc. v. Endonovo Therapeutics, Inc.*, 149 F. Supp. 3d 376, 395 (E.D.N.Y. 2016) ("Plaintiff's request for a preliminary injunction is made primarily to protect the Defendants' assets in the event it succeeds on its breach of contract claims for monetary damages, a result that is plainly prohibited by *Grupo*."); *GEOMC Co. v. Calmare Therapeutics, Inc.*, No. 3:14-cv-01222 (VAB), 2021 U.S. Dist. LEXIS 172950, at *2 (D. Conn. Sep. 13, 2021) ("GEOMC

Moreover, the Second Circuit has never held that *Grupo Mexicano* casts doubt upon its ruling in *Brenntag Int'l Chemicals, Inc. v. Bank of India*, 175 F.3d 245 (2d Cir. 1999), in cases where a plaintiff alleges damages that are not recoverable on a breach of contract claim. To the contrary, the Court has implicitly made clear this year that *Grupo Mexicano* is not applicable in such cases:

> [W]e have found that monetary loss accompanied by other intangible harms may constitute irreparable harm. *See, e.g.*, *Register.com, Inc. v. Verio, Inc.*, 356 F.3d 393, 404 (2d Cir. 2004) (holding that monetary damages combined with loss of reputation, good will, and business opportunities amounted to irreparable harm); *Ticor Title Ins. Co. v. Cohen*, 173 F.3d 63, 69 (2d Cir. 1999) (same for monetary damages combined with loss of relationship with client). Accordingly, that *one* of the harms GEICO may suffer absent a stay is monetary in nature does not undermine the district court's ruling that GEICO has shown a risk of irreparable harm.

*Gov't Emps. Ins. Co. v. Bhargav Patel*, 166 F.4th 280, 293 n.6 (2d Cir. 2026) (emphasis in original); *see CRP/Extell Parcel I, L.P. v. Cuomo*, 394 F. App'x 779, 781-82 (2d Cir. 2010) (acknowledging the continued viability of the insolvency exception and citing *Brenntag*); *see also* cases cited in the CSI MOL at 2-3.

Here, CSI is seeking preliminary and permanent injunctions to prevent harm to its reputation arising from Mayweather's breach of contract, Complaint at ¶¶ 111-17, because "[a]s a general matter, a plaintiff cannot recover for damage to reputation in a breach of contract action under New York law." *AmTrust N. Am. v. KF&B, Inc.*, 17-cv-5340 (LJL), 2020 U.S. Dist. LEXIS 166776, at *4 (S.D.N.Y. Sep. 11, 2020); *accord Papaleontiou v. Nat'l Ass'n of Bds. of Pharmacy*, 25-cv-03146 (NCM) (MMH), 2026 U.S. Dist. LEXIS 143891, at *26 (E.D.N.Y. June 29, 2026) ("Generally, reputational harm is not recoverable in a breach of contact claim without specific

---

seeks to enjoin defendant Calmare from dissipating, disposing or otherwise removing from storage the pain management medical devices … that are the subject of this litigation.").

proof of lost business opportunities as a result of plaintiff's diminished reputation."). Hence, in contrast to *Vis Vires*, CSI is seeking equitable relief that is not "entirely duplicative of [its] breach of contract claims." 149 F. Supp. 3d at 394.

As such, *Grupo Mexicano*, does not preclude CSI's reliance upon the insolvency exception.

## POINT II

### AN EVIDENTIARY HEARING IS NECESSARY BECAUSE THERE ARE DISPUTED FACTS AS TO WHETHER CSI WILL SUFFER IRREPARABLE HARM FOR OTHER REASONS

Ignoring the Declarations which CSI has submitted in support of its claim[6] that it will be irreparably injured if Mayweather fights anyone before Tyson, Mayweather primarily argues that any such claim is speculative because there is no firm date or venue for the Tyson Fight. Mayweather MOL at 20-21.[7] This argument is predicated upon the Court's denial of CSI's TRO Motion seeking to bar Mayweather from fighting Zambidis in July of 2026 because it found, *inter alia*, that CSI had failed to submit adequate proof that the Tyson Fight would go forward in September of 2026. Doc. No. 40 at 5. However, (a) the cancellation and failure to reschedule the Zambidis Fight, and (b) the Court setting a hearing date on September 16, 2026, Doc. No. 45, render it unnecessary for CSI to prove that the Tyson Fight will go forward on a date certain at a specific venue.

---

[6]    These Declarations include (a) the Declaration from Tyson's doctor stating that he is medically cleared to fight, Doc. No. 26, and (b) the Declaration from Tyson's manager that he will participate in the Tyson Fight, Doc. No. 27.

[7]    Mayweather also argues that CSI (a) has an adequate remedy of at law, Mayweather MOL at 21-22, and (b) cannot relitigate whether he should be enjoined from fighting Zambidis, *id.* at 22-23. These arguments are unavailing. CSI has already demonstrated that money damages are inadequate here. *See supra* at 8-9; *see also* CSI MOL at 12-14. As for the Zambidis Fight, Mayweather has not provided any evidence or discovery showing that it has been rescheduled. *See* Burstein Reply Dec. at ¶¶ 7-8; Exhibit 3 to Burstein Reply Dec.

9

**First**, Mayweather has not cited any case law in support of this requirement.  However, *Lewis v. Rahman*, 147 F. Supp. 2d 225 (S.D.N.Y. 2001), is to the contrary.  There, the Court restrained Hasim Rahman from fighting anyone before he fought a rematch against Lennox Lewis without requiring Lennox Lewis to demonstrate that a venue and date for the rematch had been set.  *Id.* at 236-37.

**Second**, it would be unreasonable for the Court to deny CSI's motion on this ground because CSI cannot possibly schedule the Tyson Fight given that Mayweather is refusing to participate in it.

Dated: New York, New York
        July 31, 2026

Respectfully submitted,

JUDD BURSTEIN, P.C.


By:    */s/ Judd Burstein*
      Judd Burstein (JB9585)
825 Third Avenue, 21st Floor
New York, New York 10022
(212) 974-2400
(212) 974-2944 (Fax)
jburstein@burlaw.com
*Attorneys for Plaintiffs CSI Entertainment,*
*LLC, CSI Sports Events, LLC, and CSI*
*Entertainment Events, LLC*

10

**CERTIFICATION OF COMPLIANCE WITH WORD LIMIT**

I certify that this Reply Memorandum of Law complies with the 3,500-word limit under Local Civil Rule 7.1(c).  This computer-generated Reply Memorandum of Law was prepared using Microsoft Word, and based on Microsoft Word's word count function, the total number of words in this Reply Memorandum of Law, exclusive of the caption and signature block, is 3,021.

Dated: July 31, 2026

*/s/ Judd Burstein*
JUDD BURSTEIN