SINGER
WEINSTEN WOLF & JONELIS LLP

MARTIN D. SINGER
BRIAN G. WOLF
LYNDA B. GOLDMAN
PAUL N. SORRELL
MICHAEL E. WEINSTEN
EVAN N. SPIEGEL
ALLISON S. HART
T. WAYNE HARMAN

ATTORNEYS AT LAW
SUITE 2400
2049 CENTURY PARK EAST
LOS ANGELES, CALIFORNIA 90067-2906
TELEPHONE (310) 556-3501
FACSIMILE (310) 556-3615
WWW.SINGERLAW.COM

DAVID B. JONELIS
MELISSA Y. GLASS △*
KELSEY J. LEEKER
CESIE C. ALVAREZ△
MILAGROS R. VILLALOBOS
MAX D. FABRICANT
ROYA M. HASSAS

△ ALSO ADMITTED IN NY
* ALSO ADMITTED IN TX

August 5, 2026

**VIA ECF**
Honorable Vernon S. Broderick
United States District Court
Thurgood Mashall United States Courthouse
40 Foley Square, Courtroom 518
New York, NY 10007

  Re:  ***CSI Ent., LLC et al. v. Mayweather et al.* (Case No. 1:26-cv-05150 VSB)**

Dear Judge Broderick:

  Pursuant to the Court's direction that any request for a future conference be filed on the docket, Specially Appearing Defendant Floyd Mayweather, Jr. respectfully requests a conference concerning CSI's withdrawal without prejudice of its Motion for Preliminary Injunction only minutes before today's scheduled hearing.

  It is obvious what has happened here. After requiring Mayweather and the Court to devote substantial resources to expedited briefing, discovery disputes, declarations, and preparation for an evidentiary hearing, CSI apparently concluded that it was unlikely to prevail on the dispositive issue of irreparable harm and thus withdrew its Motion immediately before that issue was to be adjudicated.  In other words, CSI's withdrawal was intended solely to avoid a forthcoming negative ruling on the merits of its motion.

  As the Court can hopefully appreciate, Mayweather staunchly objects to CSI's unilateral withdrawal of the Motion without prejudice.  CSI invoked the Court's emergency procedures and required both Mayweather and the Court to expend substantial time and resources over the course of nearly two months and through multiple rounds of expedited briefings. And now, instead of seeing its own injunction proceedings through to the end – which would have provided certainty to the parties concerning how to proceed with future fights, CSI pulled the plug on its motion at the last minute in order to avoid an unfavorable result – while intentionally keeping the door open to refile at an opportune time in the future.

  CSI's intent is transparent.  By withdrawing its motion without prejudice, it intends to keep the threat of an injunction proceeding hanging over Mayweather's head in order to frustrate his ability to fight Manny Pacquiao and Mike Zambidis.  Indeed, CSI's counsel has not attempted to hide this intent;  he has stated outright in his eleventh hour letter that CSI still

1

intends to "preserve their right to seek injunctive relief if they learn that Mayweather has entered into an agreement to fight a specific opponent."

With the issue of injunctive relief unresolved, CSI can simply remain on the sidelines until Mayweather has committed substantial resources to an event and then use another emergency application to disrupt it.  This is not hypothetical.  As the Court is aware, CSI's filing of its motion and request for a TRO directly contributed to the cancellation of the Zambidis Exhibition, notwithstanding the Court's ultimate denial of the TRO. CSI now seeks to preserve its ability to repeat that process with the contemplated Pacquiao Fight: wait until the fight is announced, seek emergency relief (possibly again on a holiday weekend), and impose commercial uncertainty during the period before the Court can adjudicate the application. The threat of repeated emergency applications itself interferes with Mayweather's ability to negotiate, finance, promote, and participate in future events.

Substantively, the factual and legal defects in CSI's irreparable-harm theories will not be cured by waiting for the Pacquiao Fight to be finalized. CSI's insolvency theory lacks both factual and legal support regardless of the date of any fight. The Court has also already held that CSI's alleged commercial reputational harm is compensable through monetary damages. And CSI still has no Tyson Exhibition scheduled. Thus, any future attempt by CSI to rehash its injunction motion would not be any different than its recent attempt; it would simply prevent Mayweather from earning a living indefinitely while CSI remains unable to provide a date, venue, financing, or finalized arrangements for the Tyson Exhibition.

Although Federal Rule of Civil Procedure 41 does not directly govern withdrawal of an individual motion, it reflects the broader principle that a plaintiff may not always abandon requested relief unilaterally after requiring an opposing party to incur the burden of litigating it. Once an answer or summary-judgment motion has been served, an action generally may be dismissed only through a stipulation signed by all appearing parties or by court order "on terms that the court considers proper." Fed. R. Civ. P. 41(a)(1)(A)(ii), (a)(2). While no rule expressly prohibits withdrawal of a preliminary-injunction motion shortly before the scheduled hearing, the prejudice here is analogous: CSI withdrew its request for extraordinary relief only after Mayweather had completed briefing, submitted evidence, and prepared/appeared for the scheduled hearing. The Court should therefore decline to permit CSI to reserve an unrestricted right to repeat the process after Mayweather commits resources to another fight.

CSI's stated explanation for its withdrawal only heightens the prejudice caused by its timing. CSI claims that it withdrew the motion because Mayweather's July 31 submissions established that no intervening fight was presently scheduled. ECF No. 59. But those submissions—including Walter Jordan's sworn declaration expressly identifying the only fights for which Mayweather had entered contracts or was engaged in formal negotiations—were filed *five days before the hearing*. CSI offers no explanation for waiting until minutes before the hearing to review that evidence, obtain its clients' authorization, and withdraw the Motion. Had CSI acted promptly after the filing, Mayweather and the Court could have avoided additional hearing preparation and the last-minute disruption caused by CSI's withdrawal. Instead, CSI waited until Mayweather and the Court were prepared to proceed, then withdrew without prejudice while preserving the right to renew the same emergency application once Mayweather commits resources to another fight. Mayweather should not be prejudiced because CSI waited until the eleventh hour to read Mayweather's submission.

A further conference with the Court is warranted because CSI's withdrawal leaves unresolved whether CSI may renew the same emergency application immediately after Mayweather commits resources to another fight, despite the substantial party and judicial resources already devoted to the issue of injunctive relief.

Before CSI filed its withdrawal this morning, the parties conferred by telephone, and I expressly advised CSI's counsel that Mayweather preferred to proceed with the scheduled hearing and obtain a ruling that would create certainty going forward.  Mayweather therefore seeks the Court's guidance—and, if appropriate, an admonition—that CSI may not use successive emergency applications to interfere with future fights based on theories already fully briefed and rejected or abandoned, absent genuinely new facts establishing actual and imminent irreparable harm. At minimum, CSI should be ordered to reimburse Mayweather for the substantial legal fees incurred defending against a motion that was pulled by CSI, for purely strategic reasons, at the eleventh hour.

This litigation should also now proceed in the ordinary course. CSI should not be permitted to delay commencement of the ordinary litigation process while retaining the threat of another emergency injunction whenever Mayweather attempts to work.

For these reasons, Mayweather respectfully requests that the Court schedule a conference at its earliest convenience to address the effect of CSI's withdrawal, the permissible scope of any renewed request for preliminary relief, and the orderly progression of this action.

Respectfully yours,

DAVID B. JONELIS
    Of
SINGER WEINSTEN WOLF
    & JONELIS LLP
*Counsel for Specially Appearing*
*Defendant Floyd Mayweather*

3