JUDD BURSTEIN, P.C.
ATTORNEYS AT LAW

JUDD BURSTEIN
JBURSTEIN@BURLAW.COM
————

PETER B. SCHALK*
OF COUNSEL
PSCHALK@BURLAW.COM

VICTOR M. WEBERMAN
VWEBERMAN@BURLAW.COM

*ALSO ADMITTED IN NEW JERSEY

825 THIRD AVENUE
21ST FLOOR
NEW YORK, NEW YORK 10022
TEL: (212) 974-2400
FAX: (212) 974-2944
WWW.BURLAW.COM

August 6, 2026

**VIA ECF**
The Honorable Vernon S. Broderick
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Courtroom 518
New York, NY 10007

  Re: *CSI Entertainment, LLC, et al. v. Mayweather et al.*, Case No. 26-cv-5150 (VSB)

Dear Judge Broderick:

  I write in response to Mr. Jonelis's August 5, 2026 letter to the Court.  Doc. No. 61.

  **First**, Mr. Jonelis overlooks the fact that I had an obligation under Rule 11 to withdraw the preliminary injunction motion once I learned that Mr. Mayweather had no agreement to participate in another bout before the Tyson Exhibition.  While Mr. Jonelis complains that I waited five days to reach that conclusion, *see* Doc. No. 61 at 3, the fact is that, as I stated in my letter to the Court yesterday, I did not read Mr. Mayweather's reply papers – received at 8:34 p.m. EST last Friday – until yesterday morning.  Doc. No. 59.  While I had no obligation to read them earlier, I chose not to work over the weekend and was dealing with a personal issue on Monday and Tuesday which led me to defer preparing for yesterday's argument.

  **Second**, unless the Court is prepared to abandon all precedent and rule that, as a matter of law, a defendant's insolvency can never be a basis for a finding of irreparable injury regardless of the facts, Mr. Jonelis is asking for an advisory opinion because no motion for a preliminary injunction may ever be forthcoming.

  **Third**, rather than submit to the Court's jurisdiction, Mr. Mayweather chose only to "specially appear" to oppose Plaintiffs' motion for a preliminary injunction and TRO.  *See, e.g.*, Doc. No. 16 at 1.  Since there is no longer any motion for him to oppose, Mr. Mayweather has no standing even to ask for a conference, let alone any relief.  I note that I have asked Mr. Jonelis to accept service of the Complaint on Mr. Mayweather's behalf, and he has not agreed to do so.

JUDD BURSTEIN, P.C.

Hon. Vernon S. Broderick
August 6, 2026
Page 2

Moreover, as Plaintiffs will demonstrate in their planned motion under Fed. R. Civ. P. 4(m), Mr. Mayweather has been ducking service.

**Fourth**, given that (a) Mr. Jonelis has refused to accept service of the Complaint on Mr. Mayweather's behalf, and (b) Mr. Mayweather has apparently authorized Mr. Jonelis's firm to enter an appearance for him only as a "specially appearing" defendant, *see, e.g.*, Doc. No. 15, Mr. Jonelis's statement that "CSI should not be permitted to delay commencement of the ordinary litigation process," Doc. No. 61 at 3, is at best confusing since Mr. Mayweather is the person who is preventing that process from moving forward.

**Fifth**, I do not understand how Mr. Mayweather has been prejudiced given that:

a.      Mr. Jonelis concedes that Mr. Mayweather did not affirmatively state that he had no set plans for any future fight **until** he filed his reply papers on July 31, 2026. *See* Doc. No. 61 at 2 ("Mayweather's July 31 submissions established that no intervening fight was presently scheduled"). By that time, the only work left for Mr. Jonelis was to prepare for oral argument; and

b.      If Plaintiffs do file another motion for a preliminary injunction, Mr. Mayweather will be able to enjoy the fruits of Mr. Jonelis's firm's prior work because all his arguments to date can be copied and pasted into an opposition to such motion.

**Sixth**, Mr. Jonelis's request for fees because Plaintiffs withdrew their motion "at the eleventh hour," Doc. No. 61 at 3, is frivolous given that Plaintiffs would have been entitled to withdraw their motion at that same eleventh hour if (a) Mr. Mayweather had served them with a sanctions motion under Rule 11, and (b) August 5, 2026 was within Rule 11's safe harbor period.

Respectfully yours,

*/s/ Judd Burstein*

Judd Burstein

cc:      Counsel of Record (via ECF)