UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------X
CSI ENTERTAINMENT, LLC, CSI SPORTS EVENTS, LLC, and CSI ENTERTAINMENT EVENTS, LLC,

*Plaintiffs*,

– against –

FLOYD MAYWEATHER, JR. and FRIST APEX VENTURES LLC,

*Defendants*.
-----------------------------------------------------------X

CASE NO. 1:26-CV-05150 (VSB)

**DEFENDANT FLOYD MAYWEATHER, JR.'S ANSWER TO PLAINTIFFS' COMPLAINT**

SINGER WEINSTEN WOLF & JONELIS LLP
2049 Century Park East, Suite 2400
Los Angeles, California 90067
(310) 556-3501
*Attorneys for Defendant Floyd Mayweather, Jr.*

Defendant Floyd Mayweather, Jr. ("Mayweather"), by and through his attorneys at Singer Weinsten Wolf & Jonelis LLP, hereby responds to Plaintiffs CSI Entertainment, LLC ("CSI Entertainment"), CSI Sports Events, LLC ("CSI Sports"), and CSI Entertainment Events, LLC's ("CSI Events") (collectively, "Plaintiffs" or "CSI") Complaint (ECF No. 1) as follows:

**Admissions and Denials**

Mayweather responds to the numbered paragraphs in the Complaint as follows, specifically reserving the right to amend and/or supplement his responses, as further discovery and investigation may warrant:

**NATURE OF THE CLAIMS**

1. Paragraph 1 of the Complaint states legal conclusions to which no response is required. To the extent any response to paragraph 1 is required, Mayweather denies the allegations except admits that he is a successful boxer.

2. Paragraph 2 of the Complaint states legal conclusions to which no response is required. To the extent any response to paragraph 2 is required, Mayweather denies the allegations except admits that Mike Tyson and Manny Pacquiao are also successful boxers.

3. Mayweather admits that he has an undefeated record and is and regarded as one of the greatest fighters in the sport's history. Mayweather further admits that he retired in 2017 with a 50-0 record and 15 major world championships. Mayweather further admits that he and Pacquiao are two of the most successful fighters in boxing history and that they have competed in similar weight classes. Mayweather further admits that he won his 2015 bout with Pacquiao by unanimous decision. Mayweather lacks sufficient knowledge or information to admit or deny the remaining allegations contained in paragraph 3 of the Complaint, and on that basis denies those allegations.

4. Mayweather denies the allegations in paragraph 4 of the Complaint.

5. Mayweather admits that CSI paid at least some money to Frist. Mayweather further admits that athletes will sometimes be compensated through third parties who contract for their services. Mayweather denies the remaining allegations in paragraph 5 of the Complaint.

6. Mayweather admits that CSI has issued press releases about Mayweather. Mayweather denies the remaining allegations in paragraph 6 of the Complaint.

7. Mayweather admits that he posted on Instagram about a fight against Mike Zambidis. Mayweather denies the remaining allegations in paragraph 7 of the Complaint.

**THE PARTIES**

8. Mayweather lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 8 of the Complaint, and on that basis denies those allegations.

9. Mayweather lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 9 of the Complaint, and on that basis denies those allegations.

10. Mayweather lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 10 of the Complaint, and on that basis denies those allegations.

11. Mayweather admits the truth of the allegations contained in paragraph 11 of the Complaint.

12. Mayweather lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 12 of the Complaint, and on that basis denies those allegations.

**JURISDICTION AND VENUE**

13. Paragraph 13 of the Complaint states legal conclusions to which no response is required. To the extent any response to paragraph 13 is required, Mayweather denies the allegations.

14. Mayweather lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 14 of the Complaint, and on that basis denies those allegations.

15. Mayweather lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 15 of the Complaint, and on that basis denies those allegations.

16. Mayweather admits that he does not challenge the Court's personal jurisdiction over him in this case. Mayweather denies the remaining allegations in paragraph 16 of the Complaint.

17. Mayweather admits that he does not challenge venue in this case. Mayweather denies the remaining allegations in paragraph 17 of the Complaint.

## FACTS RELEVANT TO ALL CLAIMS FOR RELIEF

18. Mayweather lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 18 of the Complaint, and on that basis denies those allegations.

19. Mayweather lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 19 of the Complaint, and on that basis denies those allegations.

20. Mayweather lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 20 of the Complaint, and on that basis denies those allegations.

21. Mayweather admits that he and Tyson discussed a potential exhibition fight in 2025. Mayweather lacks sufficient knowledge or information to admit or deny the remaining allegations contained in paragraph 21 of the Complaint, and on that basis denies those allegations.

22. Mayweather lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 22 of the Complaint, and on that basis denies those allegations.

23. Mayweather admits that CSI paid at least some money to Frist. Mayweather denies the remaining allegations in paragraph 23 of the Complaint.

24. Mayweather admits that Exhibit 1 to the Complaint contains the language quoted in paragraph 24 of the Complaint. Mayweather denies the remaining allegations in paragraph 23 of the Complaint.

25. Mayweather admits that Exhibit 1 to the Complaint contains language stating: “This Inducement Letter will survive any termination of the Agreement.”

26. Paragraph 26 of the Complaint states legal conclusions to which no response is required. To the extent any response to paragraph 26 is required, Mayweather lacks sufficient knowledge or information to admit or deny the allegations, and on that basis denies those allegations.

27. Mayweather admits that Exhibit 1 to the Complaint contains the language quoted in paragraph 27 of the Complaint. Mayweather denies the remaining allegations in paragraph 23 of the Complaint.

28. Paragraph 28 of the Complaint states legal conclusions to which no response is required. To the extent any response to paragraph 28 is required, Mayweather lacks sufficient knowledge or information to admit or deny the allegations, and on that basis denies those allegations.

29. Paragraph 26 of the Complaint states legal conclusions to which no response is required. To the extent any response to paragraph 26 is required, Mayweather denies the allegations.

30. Mayweather admits that Exhibit 1 to the Complaint contains language stating: “In exchange for Participant participating as a Fighter in the Main Event, CSI shall pay Frist the fixed amount of Fourteen Million Dollars ($14,000,000.00 USD) (the "Purse"). The Purse shall be paid to Frist in two (2) installments as follows: (i) Two Million Dollars ($2,000,000.00 USD) (the "Advance"), which shall be paid within one (1) business day of the Effective Date of this Agreement.” Mayweather denies the remaining allegations in paragraph 30 of the Complaint.

31. Mayweather lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 31 of the Complaint, and on that basis denies those allegations.

32. Mayweather admits that Exhibit 1 to the Complaint contains language stating: “THE PARTIES HEREBY REPRESENT AND WARRANT THAT EACH PARTY HERETO HAS HAD AN OPPORTUNITY TO CONSULT INDEPENDENT LEGAL COUNSEL AND/OR HAVE BEEN REPRESENTED BY COUNSEL OF THEIR OWN CHOOSING IN

THE PREPARATION AND ANALYSIS OF THIS AGREEMENT. THE PARTIES HERETO EACH HAVE READ THIS AGREEMENT WITH CARE AND BELIEVES THAT EACH OF THE PARTIES HERETO ARE FULLY AWARE OF AND UNDERSTAND THE CONTENTS OF THIS AGREEMENT AND ITS LEGAL EFFECT." Mayweather denies the remaining allegations in paragraph 30 of the Complaint.

33. Mayweather admits that Exhibit 1 to the Complaint contains the language quoted in paragraph 33 of the Complaint. Mayweather denies the remaining allegations in paragraph 33 of the Complaint.

34. Mayweather lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 34 of the Complaint, and on that basis denies those allegations.

35. Mayweather denies the allegations in Paragraph 35 of the Complaint.

36. Mayweather denies the allegations in Paragraph 36 of the Complaint.

37. Mayweather admits that posts were made on his Instagram account concerning a fight with Tyson. Mayweather denies the remaining allegations in paragraph 37 of the Complaint.

38. Mayweather lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 38 of the Complaint, and on that basis denies those allegations.

39. Mayweather denies the allegations in Paragraph 39 of the Complaint.

40. Mayweather admits that Exhibit 5 to the Complaint contains the language quoted in paragraph 40 of the Complaint. Mayweather denies the remaining allegations in paragraph 40 of the Complaint.

41. Mayweather admits that Exhibit 5 to the Complaint contains language stating: “This Inducement Letter will survive any termination of the Agreement.”

42. Mayweather lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 42 of the Complaint, and on that basis denies those allegations.

43. Mayweather admits that Exhibit 5 to the Complaint contains language stating: “THE PARTIES HEREBY REPRESENT AND WARRANT THAT EACH PARTY HERETO HAS HAD AN OPPORTUNITY TO CONSULT INDEPENDENT LEGAL COUNSEL AND/OR HAVE BEEN REPRESENTED BY COUNSEL OF THEIR OWN CHOOSING IN THE PREPARATION AND ANALYSIS OF THIS AGREEMENT. THE PARTIES HERETO EACH HAVE READ THIS AGREEMENT WITH CARE AND BELIEVES THAT EACH OF THE PARTIES HERETO ARE FULLY AWARE OF AND UNDERSTAND THE CONTENTS OF THIS AGREEMENT AND ITS LEGAL EFFECT.” Mayweather denies the remaining allegations in paragraph 43 of the Complaint.

44. Mayweather admits that Exhibit 5 to the Complaint contains the language quoted in paragraph 44 of the Complaint. Mayweather denies the remaining allegations in paragraph 44 of the Complaint.

45. Mayweather admits that Exhibit 5 to the Complaint contains the language quoted in paragraph 45 of the Complaint. Mayweather denies the remaining allegations in paragraph 45 of the Complaint.

46. Mayweather denies the allegations in Paragraph 46 of the Complaint.

47. Mayweather lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 47 of the Complaint, and on that basis denies those allegations.

48. Mayweather denies the allegations in Paragraph 48 of the Complaint.

49. Mayweather admits that Exhibit 5 to the Complaint provides for CSI to pay Frist $2.5 million upon signing.

50. Mayweather lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 50 of the Complaint, and on that basis denies those allegations.

51. Mayweather admits that Exhibit 5 to the Complaint contains the language quoted in paragraph 51 of the Complaint. Mayweather denies the remaining allegations in paragraph 51 of the Complaint.

52. Mayweather lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 52 of the Complaint, and on that basis denies those allegations.

53. Mayweather admits that he did not tweet about CSI on November 17, 2025. Mayweather denies the remaining allegations in paragraph 53 of the Complaint.

54. Mayweather admits that Exhibit 5 to the Complaint contains language stating: "Participant hereby designates Jona Rechnitz, jona@vadaproperties.com, and/or the Participant as Participant's sole designees for purposes of communicating to CSI any and all approvals relevant to this Agreement and the Production." Mayweather lacks sufficient knowledge or information to admit or deny the remaining allegations contained in paragraph 54 of the Complaint, and on that basis denies those allegations.

55. Mayweather lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 55 of the Complaint, and on that basis denies those allegations.

56. Mayweather denies the allegations in Paragraph 56 of the Complaint.

57. Mayweather denies the allegations in Paragraph 57 of the Complaint.

58. Mayweather admits that the language of Exhibit 7 contemplates that Mayweather will fight Pacquiao on Netflix. Mayweather denies the remaining allegations in paragraph 58 of the Complaint.

59. Mayweather admits that Exhibit 7 to the Complaint contains language stating: "Lender and Mayweather represent and warrant to Players and Netflix that he is free to enter into this Agreement and perform all his obligations under this Agreement." Mayweather denies the remaining allegations in paragraph 59 of the Complaint.

60. Mayweather admits that Section 3(a) of Exhibit 7 to the Complaint purports to provide for compensation to be paid to Mayweather. Mayweather denies the remaining allegations in paragraph 59 of the Complaint.

61. Mayweather denies the allegations in Paragraph 56 of the Complaint.

62. Mayweather lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 62 of the Complaint, and on that basis denies those allegations.

63. Mayweather lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 63 of the Complaint, and on that basis denies those allegations.

64. Mayweather denies the existence of an enforceable contract between Mayweather and CSI. Mayweather lacks sufficient knowledge or information to admit or deny the remaining allegations contained in paragraph 64 of the Complaint, and on that basis denies those allegations.

65. Mayweather lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 65 of the Complaint, and on that basis denies those allegations.

66. Mayweather denies the existence of an enforceable contract between Mayweather and CSI. Mayweather lacks sufficient knowledge or information to admit or deny the remaining allegations contained in paragraph 66 of the Complaint, and on that basis denies those allegations.

67. Mayweather lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 67 of the Complaint, and on that basis denies those allegations.

68. Mayweather lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 68 of the Complaint, and on that basis denies those allegations.

69. Mayweather lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 69 of the Complaint, and on that basis denies those allegations.

70. Mayweather denies the allegations in Paragraph 70 of the Complaint.

71. Mayweather denies the allegations in Paragraph 71 of the Complaint.

72. Mayweather admits that Exhibit 13 to the Complaint contains the language quoted in paragraph 72 of the Complaint.

73. Mayweather denies the allegations in Paragraph 73 of the Complaint.

74. Mayweather denies the allegations in Paragraph 74 of the Complaint.

75. Mayweather denies the allegations in Paragraph 75 of the Complaint.

76. Mayweather denies the allegations in Paragraph 76 of the Complaint.

77. Mayweather denies the allegations in Paragraph 77 of the Complaint.

78. Mayweather admits that Exhibit 14 to the Complaint contains the language quoted in paragraph 78 of the Complaint.

79. Paragraph 79 of the Complaint states legal conclusions to which no response is required. To the extent any response to paragraph 79 is required, Mayweather denies the allegations.

80. Paragraph 80 of the Complaint states legal conclusions to which no response is required. To the extent any response to paragraph 80 is required, Mayweather denies the allegations.

81. Paragraph 81 of the Complaint states legal conclusions to which no response is required. To the extent any response to paragraph 80 is required, Mayweather denies the allegations.

82. Mayweather lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 82 of the Complaint, and on that basis denies those allegations.

83. Paragraph 83 of the Complaint states legal conclusions to which no response is required. To the extent any response to paragraph 83 is required, Mayweather lacks sufficient

knowledge or information to admit or deny the allegations contained in paragraph 83 of the Complaint, and on that basis denies those allegations.

84. Paragraph 84 of the Complaint states legal conclusions to which no response is required. To the extent any response to paragraph 84 is required, Mayweather lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 84 of the Complaint, and on that basis denies those allegations.

85. Mayweather denies the allegations in Paragraph 85 of the Complaint.

86. Paragraph 86 of the Complaint states legal conclusions to which no response is required. To the extent any response to paragraph 85 is required, Mayweather lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 86 of the Complaint, and on that basis denies those allegations.

87. Mayweather admits that Exhibit 16 to the Complaint contains the language quoted in paragraph 87 of the Complaint (with the exception of the bracketed language).

88. Mayweather admits that he has told CSI to communicate with Walter Jordan on his behalf. Mayweather denies the remaining allegations in paragraph 88 of the Complaint.

89. Mayweather admits that he is informed and believes that Walter Jordan sent the WhatsApp message quoted in Paragraph 89 of the Complaint. Mayweather denies the remaining allegations in paragraph 89 of the Complaint.

90. Mayweather admits that he is informed and believes that Richard Miele sent the WhatsApp message quoted in Paragraph 90 of the Complaint. Mayweather denies the remaining allegations in paragraph 90 of the Complaint.

91. Mayweather admits that he did not post about a June 2026 exhibition fight in Greece immediately subsequent to February 25, 2026. Mayweather further admits that he completed his pre-fight medicals for the Tyson fight on or around February 27, 2026.

92. Mayweather admits that, per his request, CSI agreed to pay him $150,000 in cash upon completion of his medicals. Mayweather further admits that he has appeared in photographs displaying large amounts of cash.

93. Mayweather admits that he received $150,000 in cash from CSI through a female companion. Mayweather lacks sufficient knowledge or information to admit or deny the remaining allegations contained in paragraph 93 of the Complaint, and on that basis denies those allegations.

94. Mayweather admits that he acknowledged receipt of $150,000 cash from CSI. Mayweather denies the remaining allegations in paragraph 94 of the Complaint.

95. Mayweather admits that he made the Instagram posts referenced in Paragraph 95 of the Complaint.

96. Mayweather denies that he breached any contractual obligations to CSI. Mayweather lacks sufficient knowledge or information to admit or deny the remaining allegations contained in paragraph 96 of the Complaint, and on that basis denies those allegations.

97. Mayweather lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 97 of the Complaint, and on that basis denies those allegations.

98. Mayweather admits that he received him the document attached as Exhibit 21 to the Complaint on or around March 17, 2026.

99. Mayweather denies the allegations in Paragraph 85 of the Complaint.

100. Mayweather lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 100 of the Complaint, and on that basis denies those allegations.

101. Mayweather admits the truth of the allegations contained in paragraph 101 of the Complaint.

102. Mayweather admits that he received him the document attached as Exhibit 22 to the Complaint on or around May 12, 2026.

103. Mayweather admits that Exhibit 22 to the Complaint contains language consistent with what is alleged in Paragraph 103 of the Complaint.

104. Paragraph 104 of the Complaint states legal conclusions to which no response is required. To the extent any response to paragraph 104 is required, Mayweather denies the allegations.

105. Mayweather lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 105 of the Complaint, and on that basis denies those allegations.

106. Mayweather lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 106 of the Complaint, and on that basis denies those allegations.

107. Mayweather admits the truth of the allegations contained in paragraph 107 of the Complaint.

108. Mayweather admits that the June 9, 2026 letter to CSI from his lawyer stated that he was terminating "his business relationship with CSI Entertainment Events, LLC ("CSI") and its affiliates." Mayweather denies the remaining allegations in paragraph 108 of the Complaint.

109. Mayweather denies the allegations in Paragraph 109 of the Complaint.

110. Mayweather denies the allegations in Paragraph 110 of the Complaint.

**AS AND FOR A FIRST CLAIM FOR RELIEF**

**(Injunction against Mayweather by All Plaintiffs)**

111. Mayweather repeats and re-alleges his responses to paragraphs 1 through 110 above as if fully set forth herein.

112. Paragraph 112 of the Complaint states legal conclusions to which no response is required. To the extent any response to paragraph 112 is required, Mayweather denies the allegations.

113. Paragraph 113 of the Complaint states legal conclusions to which no response is required. To the extent any response to paragraph 113 is required, Mayweather denies the allegations.

114. Paragraph 114 of the Complaint states legal conclusions to which no response is required. To the extent any response to paragraph 114 is required, Mayweather denies the allegations.

115. Paragraph 115 of the Complaint states legal conclusions to which no response is required. To the extent any response to paragraph 115 is required, Mayweather denies the allegations.

116. Mayweather denies the allegations in Paragraph 116 of the Complaint.

117. Paragraph 117 of the Complaint states legal conclusions to which no response is required. To the extent any response to paragraph 117 is required, Mayweather denies the allegations.

**AS AND FOR A SECOND CLAIM FOR RELIEF**

**(Breach of Contract by CSI Sports against Mayweather and Frist)**

118. Mayweather repeats and re-alleges his responses to paragraphs 1 through 110 above as if fully set forth herein.

119. Mayweather denies the allegations in Paragraph 119 of the Complaint.

120. Mayweather denies the allegations in Paragraph 120 of the Complaint.

121. Paragraph 121 of the Complaint states legal conclusions to which no response is required. To the extent any response to paragraph 121 is required, Mayweather denies the allegations.

122. Mayweather denies the allegations in Paragraph 122 of the Complaint.

**AS AND FOR A THIRD CLAIM FOR RELIEF**

**(Breach of Contract by CSI Entertainment Events against Mayweather and Frist)**

123. Mayweather repeats and re-alleges his responses to paragraphs 1 through 110 above as if fully set forth herein.

124. Mayweather denies the allegations in Paragraph 124 of the Complaint.

125. Mayweather denies the allegations in Paragraph 125 of the Complaint.

126. Paragraph 126 of the Complaint states legal conclusions to which no response is required. To the extent any response to paragraph 126 is required, Mayweather denies the allegations.

127. Mayweather denies the allegations in Paragraph 127 of the Complaint.

**AS AND FOR A FOURTH CLAIM FOR RELIEF**

**(Breach of Contract by CSI Entertainment against Mayweather and Frist)**

128. Mayweather repeats and re-alleges his responses to paragraphs 1 through 110 above as if fully set forth herein.

129. Paragraph 129 of the Complaint states legal conclusions to which no response is required. To the extent any response to paragraph 129 is required, Mayweather lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 129 of the Complaint, and on that basis denies those allegations.

130. Mayweather denies the allegations in Paragraph 130 of the Complaint.

131. Paragraph 131 of the Complaint states legal conclusions to which no response is required. To the extent any response to paragraph 131 is required, Mayweather denies the allegations.

132. Mayweather denies the allegations in Paragraph 132 of the Complaint.

**AS AND FOR A FIFTH, ALTERNATIVE CLAIM FOR RELIEF**

**(Unjust Enrichment against Mayweather and Frist by CSI Sports Events and CSI Entertainment Events)**

133. Mayweather repeats and re-alleges his responses to paragraphs 1 through 110 above as if fully set forth herein.

134. Mayweather admits that he received $150,000. Mayweather denies the remaining allegations in paragraph 134 of the Complaint.

135. Mayweather denies the allegations in Paragraph 135 of the Complaint.

136. Mayweather denies the allegations in Paragraph 136 of the Complaint.

137. Paragraph 137 of the Complaint states legal conclusions to which no response is required. To the extent any response to paragraph 137 is required, Mayweather denies the allegations.

**Affirmative Defenses**

Mayweather hereby asserts the following affirmative defenses without assuming the burden of proof:

**FIRST AFFIRMATIVE DEFENSE**

**(Ratification)**

1. Plaintiffs in whole or in part ratified, acquiesced, condoned and/or approved of the alleged acts or omissions of Mayweather about which Plaintiffs now complain.

**SECOND AFFIRMATIVE DEFENSE**

**(Estoppel)**

2. Plaintiffs are barred from pursuing a recovery from Mayweather based on the doctrine of estoppel.

**THIRD AFFIRMATIVE DEFENSE**

**(Waiver)**

3. Plaintiffs, through their own actions, inactions, and other conduct, waived the claims now asserted in the Complaint.

**FOURTH AFFIRMATIVE DEFENSE**

**(Justification and Privilege)**

4. Any alleged failure by Mayweather to perform any purported duties, which failure is specifically denied, was justified and privileged.

**FIFTH AFFIRMATIVE DEFENSE**

**(Discharge of Obligations)**

5. Any alleged failure by Mayweather to perform any purported obligations under the subject agreements was excused and discharged by Plaintiffs' own prior material failures to perform their own obligations under those agreements, the performance of which obligations wer a condition precedent to Mayweather's performance.

**SIXTH AFFIRMATIVE DEFENSE**

**(Laches)**

6. Plaintiffs are barred, in whole or in part, from obtaining the requested relief based on the doctrine of laches.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Damages Contributed to by Others)**

7. Assuming, without admitting, that Plaintiffs have suffered any injury or damage, Plaintiffs and/or others who are not Mayweather contributed in whole or in part to the alleged damage.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Unjust Enrichment)**

8. The Complaint, and each purported claim for relief contained therein, is barred by the doctrine of unjust enrichment. Plaintiffs would be unjustly enriched if awarded the requested relief.

**NINTH AFFIRMATIVE DEFENSE**

**(Failure to Mitigate Damages)**

9. Plaintiffs have at all times been under a duty to take all reasonable action to minimize the damages alleged in the Complaint. Plaintiffs have failed to comply with this duty and are therefore barred from recovering from Mayweather any damages which might have otherwise been avoided.

**TENTH AFFIRMATIVE DEFENSE**

**(In Pari Delicto)**

10. Plaintiffs' alleged causes of action are barred by Plaintiffs' own conduct, actions, and omissions, which render Plaintiffs, at a minimum, *in pari delicto*.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Privilege)**

11. Mayweather's alleged acts and/or omissions were privileged, justified, and/or excused.

**TWELFTH AFFIRMATIVE DEFENSE**

**(Failure of Conditions)**

12. Mayweather was excused from having to perform his obligations alleged in the Complaint because certain conditions that were required to occur first never occurred.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Good Faith)**

13. Plaintiffs cannot recover upon any of the claims in the Complaint because Mayweather's actions were justified and lawful based upon reasonable grounds, belief, and good faith conduct.

## ADDITIONAL AFFIRMATIVE DEFENSES

14. Mayweather presently has insufficient knowledge or information on which to form a belief as to whether he may have additional, as yet unstated, affirmative defenses available. Mayweather therefore expressly and specifically reserves the right to amend this Answer to add, delete and/or modify affirmative defenses based on legal theories, facts and circumstances, which may be or will be divulged through discovery and/or through legal analysis of Mayweather in this action.

**WHEREFORE**, Mayweather respectfully requests that the Court dismiss the Complaint and enter judgment in favor of Mayweather. Further, to the extent Mayweather is entitled to prevailing party attorneys' fees and costs by operation of law or contract, Mayweather requests an award of his reasonable prevailing party attorneys' fees and costs.

Dated: Los Angeles, California
October 13, 2026

Respectfully submitted,

SINGER WEINSTEN WOLF & JONELIS LLP

/s/ *David B. Jonelis*

By: David B. Jonelis (Pro-hac vice)
Melissa Y. Glass (application for admission to SDNY bar pending)
Cesie C. Alvarez (5504972)
2049 Century Park East, Suite 2400
Los Angeles, California 90067
(310) 556-3501
mglass@singerlaw.com
calvarez@singerlaw.com
*Attorneys for Defendant Floyd Mayweather, Jr.*