DAVIDOFF HUTCHER & CITRON LLP
ATTORNEYS AT LAW
605 THIRD AVENUE
NEW YORK, NEW YORK 10158
TEL: (212) 557-7200
FAX: (212) 286-1884
WWW.DHCLEGAL.COM

FIRM OFFICES

WHITE PLAINS
ATTORNEYS AT LAW
120 BLOOMINGDALE ROAD
WHITE PLAINS, NY 10605
(914) 381-7400

PALM BEACH
ATTORNEYS AT LAW
250 ROYAL PALM WAY
SUITE 202
PALM BEACH, FL 33480
(561) 567-8488

FIRM OFFICES

ALBANY
ATTORNEYS AT LAW
150 STATE STREET
ALBANY, NY 12207
(518) 465-8230

WASHINGTON, D.C.
ATTORNEYS AT LAW
201 MASSACHUSETTS AVENUE N.E.
WASHINGTON, D.C. 20002
(202) 347-1117

**WRITER'S DIRECT: (646) 428-3203**
**E-MAIL: whm@dhclegal.com**

November 13, 2026

VIA ECF

Honorable Vernon S. Broderick
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

Re: <u>CSI Entertainment, LLC, et al. v. Floyd Mayweather, Jr., et al., No. 26-cv-5150 VSB; — Request for Pre-Motion Conference and Stay of Proceedings Pending Motion to Enforce Settlement Agreement</u>

Dear Judge Broderick:

We represent Defendant Frist Apex Ventures LLC ("Frist Apex") in the above-referenced action. We write to request a pre-motion conference concerning Frist Apex's anticipated motion to enforce a settlement agreement reached with Plaintiffs on September 25, 2026, and to vacate the Clerk's Certificate of Default entered against Frist Apex on October 5, 2026; ECF No. 71&41. Frist Apex further respectfully requests an immediate stay of all proceedings against it pending adjudication of the anticipated motion.

**The Settlement Agreement**

On September 25, 2026, Plaintiffs, through their counsel Judd Burstein, agreed to dismiss their claims against Frist Apex with prejudice in exchange for the production of documentary evidence relevant to Plaintiffs' claims against Defendant Floyd Mayweather, Jr.

The agreement followed discussions between Mr. Burstein and Jona Rechnitz, an authorized representative of Frist Apex, concerning Frist Apex's cooperation in providing information and documentation relating to Mr. Mayweather. On September 25,

2026, Mr. Rechnitz and Mr. Burstein participated in a telephone conference that also included Spencer Cornelia, a third-party content creator who had assembled documentary evidence concerning Mr. Mayweather. During that conference, Mr. Burstein agreed that Plaintiffs would dismiss their claims against Frist Apex with prejudice in exchange for the production of the supporting documentation.

Importantly, the agreement was thereafter memorialized in writing. In an email dated September 25, 2026, Mr. Burstein expressly confirmed that, upon receipt of the agreed-upon materials, “CSI will dismiss its case against Frist with prejudice.”

Frist Apex thereafter performed its obligations under the agreement. That same afternoon, Mr. Cornelia provided Mr. Burstein with access to a Google Drive folder containing the documentary materials supporting his investigation, including records relevant to Plaintiffs’ claims against Mr. Mayweather. The materials were shared directly with Mr. Burstein’s email address, with editor access. Contemporaneous electronic records confirm that the materials were subsequently accessed and downloaded, although those records do not identify the person who accessed them.

Notwithstanding Frist Apex’s performance, Mr. Burstein subsequently refused to dismiss the claims against Frist Apex, asserting that the materials were not “of sufficient value to me to dismiss right now.” Plaintiffs thereafter requested the entry of default against Frist Apex, and the Clerk entered a Certificate of Default on October 5, 2026.

**The Settlement Agreement Is Binding and Enforceable**

The September 25 agreement constitutes a binding and enforceable settlement agreement. The parties agreed upon the essential terms of a straightforward exchange: Frist Apex would provide identified documentary evidence relevant to Plaintiffs’ claims against Mr. Mayweather, and Plaintiffs would dismiss their claims against Frist Apex with prejudice. That agreement was expressly confirmed in writing, and Frist Apex thereafter furnished the agreed-upon consideration.

It is well established that settlement agreements are contracts enforceable according to ordinary principles of contract law. See Powell v. Omnicom, 497 F.3d 124, 128 (2d Cir. 2007); Murphy v. Inst. of Int'l Educ., 32 F.4th 146, 150 (2d Cir. 2022). The controlling inquiry is whether the parties objectively manifested an intent to be bound by the agreed-upon terms.

Here, the contemporaneous written communications, together with the declarations of Mr. Rechnitz and Mr. Cornelia and the documentary evidence of performance, establish that the parties reached an agreement and that Frist Apex fulfilled its obligations. Nothing in the September 25 written commitment conditioned Plaintiffs' dismissal upon Mr. Burstein's subsequent subjective assessment of the evidentiary value of the materials provided.

Plaintiffs cannot avoid their contractual obligations by unilaterally imposing an additional condition after Frist Apex has performed its part of the bargain. Nor should Plaintiffs be permitted to pursue a default judgment against a defendant whose dismissal they expressly agreed to procure in exchange for consideration that was subsequently furnished.

Frist Apex accordingly intends to seek an order enforcing the settlement agreement and directing the dismissal with prejudice of all claims asserted against it. Frist Apex will also seek vacatur of the October 5, 2026 Certificate of Default pursuant to Federal Rule of Civil Procedure 55.

**Request for Immediate Stay of Proceedings**

Frist Apex further respectfully requests that the Court immediately stay all proceedings against Frist Apex pending adjudication of the anticipated motion to enforce the settlement agreement, including any proceedings seeking entry of a default judgment, discovery obligations, and other litigation deadlines applicable to Frist Apex.

The Court possesses inherent authority to stay proceedings in the interests of judicial economy, fairness, and the orderly disposition of litigation. Landis v. North American Co., 299 U.S. 248, 254–55 (1936).

A stay is particularly appropriate here because the anticipated motion presents a threshold question concerning whether Plaintiffs have already contractually agreed to dismiss Frist Apex from this action with prejudice. Requiring Frist Apex to continue defending claims that are subject to an enforceable settlement agreement would impose precisely the litigation burdens that the agreement was intended to eliminate.

Moreover, a limited stay would preserve the status quo while the Court determines the enforceability of the settlement. The requested relief would not prevent Plaintiffs from continuing to prosecute their claims against Mr. Mayweather, and Plaintiffs would suffer no material prejudice from a temporary stay of proceedings against Frist Apex. By contrast, absent a stay, Frist Apex faces the prospect of

continued litigation and potentially a default judgment notwithstanding Plaintiffs' prior agreement to dismiss it from the action.

Under these circumstances, the interests of fairness, judicial economy, and the efficient administration of justice strongly favor a stay pending resolution of the enforcement motion.

**Requested Relief**

For the foregoing reasons, Frist Apex respectfully requests that the Court schedule a pre-motion conference or, alternatively, establish an expedited briefing schedule for Frist Apex's anticipated motion seeking enforcement of the September 25, 2026 settlement agreement and dismissal with prejudice of all claims against Frist Apex; vacatur of the October 5, 2026 Certificate of Default; and such other relief as the Court deems just and proper.

Frist Apex further respectfully requests that the Court immediately stay all proceedings against Frist Apex, including any proceedings relating to the entry of a default judgment, pending final adjudication of the motion to enforce the settlement agreement. In the event the Court determines that material factual disputes preclude enforcement on the written record, Frist Apex alternatively requests a limited evidentiary hearing concerning the formation, terms, and performance of the September 25 agreement, with the stay remaining in effect pending resolution of those issues.

Respectfully submitted,

William H. Mack

WM:rn